317 So.2d 533

**Raymond Roland HOFFMAN, alias**

**v.**

**STATE.**

**I Div. 575.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State.

Ala. 83, 277 So.2d 896; *Knight v. State* (1975) 55 Ala.App. 565, 317 So.2d 532.

CATES, Presiding Judge.

Hoffman here appeals from four judgments of conviction resulting from guilty pleas. In circuit court cases numbered 30141, 32284 and 32285 (possession of phencyclidine, sale of marihuana and sale of phencyclidine) he received three six year sentences to run concurrently with each other. In case numbered 29929 (possession of marihuana for personal use) he received a six month sentence to run concurrently with the above three sentences.

## I

■ On December 11, 1973, Hoffman interposed his plea of guilty in cases numbered 29929 and 30141, and the trial court accepted the pleas, deferring judgment and sentence until a later time.

During its colloquy with the accused, the court neglected to inform him of the maximum and minimum ranges of punishment for the two offenses.

■ Reference was made to the range of punishment in a written "REQUEST TO ENTER GUILTY PLEA," but the trial court did not ascertain that Hoffman had read the form and understood its contents, as was done by the trial court in *Twyman v. State,* 293 Ala. 75, 300 So.2d 124, and *White v. State,* 54 Ala.App. 27, 304 So.2d 268. In order for a guilty plea to be deemed voluntary, the accused must understand the maximum and minimum range of punishment. *Carter v. State,* 291

## II

■ On January 7, 1975, Hoffman plead guilty in cases numbered 32284 and 32285 and was adjudged guilty and sentenced in all four cases. On this date there was no execution of a "REQUEST TO ENTER GUILTY PLEA" with respect to the latter two cases, and the trial court, in its colloquy with the accused, neglected to inform him of his right to a jury trial as required by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

The judgment in each of the four cases below is reversed and the causes are remanded for new trials.

Reversed and remanded.

TYSON, HARRIS and DeCARLO, JJ., concur.

BOOKOUT, J., dissents in part and concurs in part.

BOOKOUT, Judge (dissenting in part and concurring in part):

The judgment in case number 30141 should be affirmed. Although the trial court failed to mention the range of punishment in its colloquy, the range of punishment was included in the "REQUEST TO ENTER GUILTY PLEA," signed by the appellant. This, coupled with the colloquy, in my opinion would be a sufficient apprisal of the rights of the accused to comply with *Boykin, supra.*