Theodore T. Fisher was convicted by a Jefferson County jury of possession of a forged instrument in the second degree and sentenced to the minimum of 15 years' imprisonment in the penitentiary under the Habitual Felony Offenders Act. On appeal he assigns two errors.
 I
Appellant first contends that the court erred in denying his oral motion to quash the indictment on the grounds that the indictment was at variance with the facts. The appellant claims he has no middle name or initial but the indictment charged "Theodore T. Fisher". On July 31, 1981, approximately 6 months before the trial date, the appellant entered his plea of not guilty to the indictment. His oral motion to quash the indictment was made on the morning of trial.
We have held in Pinkard v. State, 405 So.2d 411 (Ala.Cr.App. 1981), that a plea to the merits of an indictment waives the opportunity to plead to the indictment itself. This court stated in Edwards v. State, 379 So.2d 336 (Ala.Cr.App. 1979),cert. denied, 379 So.2d 339 (Ala. 1980), that:
 "Generally, a demurrer is the proper procedure to raise defects in an indictment. Since a plea to the merits admits the validity of an indictment, a demurrer filed after arraignment and after a plea of not guilty is properly stricken . . . The right to file a demurrer is waived unless the demurrer is filed before a plea to the merits." Quoted in Flowers v. State, 402 So.2d 1088 (Ala.Cr.App.), writ denied, 402 So.2d 1094 (Ala. 1981).
The plea being untimely, we are left with nothing to review. See Edwards, supra. Even if the pleading to the indictment, by whatever name called, was timely made, the substantial rights of the accused would not have been affected by the error or variance charged. A variance must be material and it must mislead the accused or be substantially injurious to him in the preparation of his defense. Coker v. State, 396 So.2d 1094
(Ala.Cr.App. 1981). The court did not err in denying this motion.
 II
Appellant next contends that the sentencing court should not have considered one of his three prior convictions. In giving appellant notice of the convictions which would be relied on under the Habitual Felony Offenders Act, the state listed one of the convictions as grand larceny rather than buying, receiving and concealing stolen property. It is uncontested that appellant had two other prior convictions, including one for forgery and one for grand larceny. The appellant was informed of the correct number for the misnamed case, the date of conviction, and the jurisdiction of the conviction. We find, however, that the appellant himself testified at his trial to the previous convictions. An accused's testimony that he has been previously convicted of a felony is proper. See Lyner v.State, 398 So.2d 420 (Ala.Cr.App. 1981).
Where the accused admits the prior convictions at trial, there is no legal requirement for notice. Thompson v. State,405 So.2d 717 (Ala.Cr.App.), writ denied, 405 So.2d 721 (Ala. 1981).
Appellant Fisher was therefore not injured by the scrivener's error and the same will not serve as a basis for remand.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 4