[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 211 
 ON REHEARING
This court's opinion of February 12, 1985, is withdrawn and the following is substituted as the opinion of this court.
Appellant, Melvin K. McNalley, pleaded guilty to the September 18, 1980, murder of his wife, Carolyn Vest McNalley, and was sentenced to life imprisonment on November 25, 1980. No appeal was taken. Subsequently on March 23, 1983, appellant filed a pro se petition for writ of error coram nobis in the Circuit Court of Morgan County, Alabama. Counsel was appointed to represent appellant and a hearing on the merits was held on March 26, 1984. Appellant's petition questions the validity of his guilty plea, and the effectiveness of his trial counsel's representation. For the purposes of this opinion, we need only address the question of voluntariness of the guilty plea, and need not address the ineffectiveness claim, for the treatment of the first claim requires reversal.
The trial court determined that the plea was voluntarily entered, and that appellant understood the consequences of his plea within the meaning of Boykin v. Alabama, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The court's findings were based on a limited colloquy between the trial court and appellant, and an unexecuted Ireland form. Ireland v. State,47 Ala. App. 65, 250 So.2d 602 (1971). We cannot agree that the requirements of Boykin have been met, nor was appellant correctly informed of the minimum and maximum range of punishment applicable to the crime charged. The State contends that the Ireland form supplements the Boykin requirements, and therefore these requirements are satisfied. For the reasons which follow, we cannot concur in the State's position.
At the coram nobis hearing appellant denied signing anIreland form, or having his retained counsel explain to him the rights and matters contained therein. A copy of this form was appended to the record and is complete in all respects, save the signatures of appellant and appellant's counsel. Counsel testified that he had reviewed with appellant the rights and matters contained on the form prior to the taking of appellant's guilty plea. Counsel stated that he "went over" theIreland form with appellant, but neglected to have it signed by appellant or by himself. Defense counsel's testimony in reference to the Ireland form is as follows:
 "Q. Did you fill out that form? Did you fill out this that we will refer to as an Ireland form?
 "A. It looks like I did to me. It is printed there. It looks like I did it, yes. Yes, I would say I did.
 "Q. Did you see that form on the 25th . . . of November?
 "A. Yes, I had the form there and I filled it out, and filled it out and it was — I had the form in my hand, and I see it is not signed. Neglected to get it signed.
 "Q. You testified — Mrs. McNalley testified you had a piece of paper with you when you talked to them.
"A. That was it.
 "Q. You think in your judgment it was an Ireland
form?
 "A. Yes, I always sit down with my client and go over it with him and let him read it if he wants to and have him sign it. It was hectic, and I just — I handed that to the Court when we walked up there.
"Q. I was going to ask you —
 "A. But none of us recognized it wasn't signed apparently. I sure didn't.
 "Q. You said you handed it to the Court. When did you do that?
"A. When we walked up to plead guilty.
 "Q. You heard Judge Hundley ask Mr. McNalley about the phrase `Judge, this is a petition to enter a guilty plea?' *Page 212 
"A. Yes.
 "Q. Is that at the point which you gave Judge Newton Powell —
 "A. My best judgment it is. And when I walked up in that case, I walked up with him and his father, and I handed the paper over and I neglected to have him sign it and sign it myself. I went over it with him. He knew what was in it. He knew what he was giving up. He knew he was giving up his right to a jury trial. Facts are he kept telling me and telling me, `I don't want a jury trial.' He didn't want a jury trial."
". . .
"Q. You went over the Ireland form?
"A. I did. His mother said I had it, and I did.
 "Q. I believe his mother said you had some papers or a piece of paper.
"A. I had it in my hand."
Appellant denied that his counsel "went over" the Ireland form with him and denied ever seeing it or having it explained to him. Appellant's parents were present during much of the discussion concerning entering a guilty plea. Both parents admitted seeing counsel with a "piece of paper" in his hand, but denied knowing what it was, and maintained that no document or paper was shown or explained to them or to their son in their presence. Defense counsel had represented appellant in two previous criminal cases where guilty pleas were entered by appellant, and in those cases Ireland forms were properly executed and filed. These forms were introduced in evidence in the instant case, and the State argues that this is strong evidence that he was familiar with Ireland forms at the time of entering the guilty plea in the case now before us. Appellant testified that counsel did not explain the Ireland forms to him in the previous cases.
In the colloquy between the appellant and the trial judge at the time of entering the plea, the only reference to theIreland form, if in fact it is such a reference, is as follows:
"THE COURT: All right. McNalley.
"MR. POWELL: Judge, this is a petition for a plea.
"THE COURT: All right.
The transcript of the guilty plea proceeding reveals that a very limited colloquy took place between the trial judge and appellant. At this proceeding the indictment was read to appellant. Appellant was informed that he had a right to a jury trial; that the State must prove guilt beyond a reasonable doubt; and that he had the right to testify in his own behalf or decline to take the stand and testify. The State then recommended a sentence of life to run concurrently with any other charges, including a ten-year sentence previously imposed due to conviction for another crime for which appellant had been placed on probation. Appellant pleaded guilty to murder, and a sentence hearing was waived.
The trial court did not discuss or attempt to ascertain appellant's understanding of his right to confront his accusers, a right which must be explained to an accused as a constitutional prerequisite to the acceptance of a guilty plea as mandated by Boykin. Furthermore, the unexecuted Ireland form does not act to supplement the requirement of Boykin under the facts of this case. No effort was made to determine if appellant had read the Ireland form in the court's possession, or whether he understood the rights and matters contained therein. The trial court made no direct reference to theIreland form in the colloquy. No questions were directed to appellant or counsel to determine whether appellant understood the matters contained in the form, nor to determine why no signatures appeared on the form.
Thus, the evidence presents an unexecuted Ireland form and a colloquy which fails to ascertain appellant's understanding and acknowledgement of the form, and furthermore fails to inform appellant of his right to confront his accusers. The record contains no minute entry to enlighten us. We are aware that the trial judge on petition for writ of error coram nobis made a finding that the appellant understood the *Page 213 
contents of the form, and that it was inadvertently not signed by the parties.
In a guilty plea proceeding, the trial judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea. The trial judge should also be satisfied that there is a factual basis for the plea. Twyman v.State, 293 Ala. 75, 300 So.2d 124 (1974); Cashin v. State,428 So.2d 179 (Ala.Crim.App. 1982); Dingler v. State, 408 So.2d 527
(Ala.Crim.App.), writ quashed, 408 So.2d 530 (Ala. 1981);Fields v. State, 339 So.2d 1088 (Ala.Crim.App. 1976); Irelandv. State, supra. In Twyman v. State, supra, the Alabama Supreme Court held a guilty plea to be intelligently and voluntarily entered when the Ireland form is executed and signed by a defendant and acknowledged by the signature of the defense counsel and circuit judge, provided there is other evidence inthe record supporting that fact. Twyman, 293 Ala. at 81-82,300 So.2d at 130. The other evidence referred to (in order to prove the fact of voluntariness) may be provided by a recitation in the judgment entry, Bland v. State, 56 Ala. App. 547,323 So.2d 730 (1975), and in such a case a verbatim colloquy recorded by a court reporter is not required, but would be the more preferred method of proof. Fields v. State.
In the instant case the colloquy alone is insufficient to affirmatively show that appellant had a full understanding of the consequences of his guilty plea. Even if we consider theIreland form, albeit unexecuted, as being properly admitted, a guilty plea should not rest solely on the execution of a written form. Starks v. State, 56 Ala. App. 552, 323 So.2d 735
(1975). The trial court did not ascertain that appellant had read the form and understood its contents, and did not otherwise ascertain appellant's understanding of the nature and consequences of his plea. Hoffman v. State, 55 Ala. App. 566,317 So.2d 533 (1975). We therefore conclude that there was an insufficient factual basis for the trial court to determine that the plea was validly entered.
It appears to us that there was a mere perfunctory use of theIreland form at appellant's guilty plea proceeding. It is precisely this evil that Chief Justice Heflin addressed in his dissent to Twyman v. State, 293 Ala. at 82-83,300 So.2d at 131, wherein he stated:
 "I am of the opinion that written instruments can be used in connection with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 [(1969)]. There is a danger that the use of such can become so commonplace and perfunctory that they fail to serve the purpose for which they are intended. Steps should be taken to guard against such use. I am of the opinion that when written instruments are used it is incumbent upon the trial court to ascertain that the defendant has read said instruments, or has had said instruments read to him, and that he fully understands that he has executed such a document. I think it is further incumbent upon the judge to ascertain whether or not the defendant can read or write. In my opinion, the colloquy to ascertain all of this should appear in the record of the case in order that an appellate court can be convinced that there was not just a perfunctory use of written documents." (Emphasis added.)
Additionally, it is evident from the record that appellant was not properly informed of the minimum and maximum punishments applicable to the crime. The trial judge failed to inform appellant of the applicable range of punishments. Furthermore, the unexecuted Ireland form, which we have concluded cannot be considered, incorrectly lists the range of punishment as "life." Appellant was actually subject to a range of punishment applicable to Class A felonies, § 13A-5-6 (a)(1), supra, "for life or not more than 99 years or less than 10 years." This punishment was subject to enhancement under the Habitual Felony Offender Act, § 13A-5-9, supra. It is not clear from the record whether appellant *Page 214 
was informed of the effect the Habitual Felony Offender Act would have on his case as it relates to the charge of murder. The Alabama Supreme Court has long held that a "defendant must be informed of maximum and minimum possible sentences as an absolute constitutional prerequisite to acceptance of a guilty plea." Carter v. State, 291 Ala. 83, 85, 277 So.2d 896 (1973). Under the facts evidenced from the record of this case we cannot say that appellant was correctly informed of the maximum and minimum possible punishments to which he was subjected.
In the case before us, the record does not support the trial court's finding that appellant voluntarily and knowingly entered the plea. There is an insufficient colloquy between the trial court and appellant, no properly executed Ireland form, and no showing that appellant read and/or understood the contents of the Ireland form contained in the record of the proceeding. Therefore, an insufficient factual basis existed for the trial court's finding of voluntariness. For these reasons, we find that the trial court, on petition for writ of error coram nobis, erred to reversal in finding that appellant's guilty plea was knowingly and voluntarily entered. Appellant's petition for writ of error coram nobis should have been granted.
We reverse and remand this case to the trial court with instructions that a new trial be held in this cause. The application for rehearing is overruled.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED; APPLICATION FOR REHEARING OVERRULED.
All Judges concur. *Page 879