We granted certiorari in this case to determine whether the Court of Criminal Appeals erred in holding that James Earl Hinton was wrongly sentenced to life imprisonment without parole, pursuant to the Habitual Felony Offender Act as codified in Ala. Code 1975, § 13A-5-9 (c)(3), 473 So.2d 1116. We hold that the sentence of life imprisonment without parole was correct and reverse the judgment of the Court of Criminal Appeals insofar as it reduced Hinton's sentence to life imprisonment. The trial court's order of August 6, 1984, sentencing Hinton to life imprisonment without parole, is hereby reinstated.
James Earl Hinton was convicted of first degree robbery in the Circuit Court of Coffee County. The State duly filed notice of its intent to proceed under the Habitual Felony Offender Act and produced at the sentencing hearing certified records of three previous felony convictions of Hinton. The trial court thereupon sentenced Hinton to life imprisonment without parole.
The Court of Criminal Appeals found that one of the felony convictions relied on by the State, a 1964 conviction in the Pickens County Circuit Court for first degree murder, had been reversed and the case remanded for a new trial. Based on this, the court ordered a new sentencing hearing.
The State discovered, prior to the new sentencing hearing, that it had mistakenly supplied Hinton and the trial court with the citation for the reversal of the murder conviction and the remandment for a new trial, instead of the citation for the subsequent affirmance following a reconviction. On July 11, 1984, the State again filed notice of its intent to proceed under the Habitual *Page 1126 
Felony Offender Act. This time, the State supplied the citation for the affirmance following the reconviction for murder. On August 6, 1984, the date of the second sentencing hearing, the trial court again sentenced Hinton to life imprisonment without parole.
In the "On Return to Remand" portion of its opinion, the Court of Criminal Appeals reduced Hinton's sentence to life imprisonment on the following basis:
 "We are of the opinion that the State was not entitled, on remandment of this cause for another sentence hearing, to add a previous felony conviction to those considered on the original sentencing hearing, even though the one added was in the same case as one of the convictions erroneously considered effectual on the original hearing. To hold otherwise would enable the prosecution to thwart the spirit at least of Rule 6 (b)(3)(ii), Rules of Criminal Procedure, which states:
 "`At a reasonable time prior to the [sentence] hearing the defendant shall be given notice of the previous conviction or convictions upon which the state intends to proceed.'"
The Court of Criminal Appeals has held, and we agree, that an accused is not required to be notified of the State's intent to proceed under the Habitual Felony Offender Act prior to conviction of the substantive offense. Holsclaw v. State,406 So.2d 1019 (Ala.Crim.App.), cert. denied, 406 So.2d 1020 (Ala. 1981). It follows, therefore, that Rule 6 (b)(3)(ii), Temporary Alabama Rules of Criminal Procedure, requires that the State give notice of its intent to proceed under the act, as well as notice of the convictions on which it will rely, within a reasonable time between conviction of the substantive offense and the sentencing hearing. Two days' notice before the sentencing hearing has been held adequate under Rule 6 (b)(3)(ii). Holley v. State, 397 So.2d 211 (Ala.Crim.App.),cert. denied, 397 So.2d 217 (Ala. 1981).
In the instant case, Hinton received notice of the State's intent to proceed under the act on July 11, 1984, some twenty-six days before the sentencing hearing held on August 6, 1984. He had ample notice, therefore, under Rule 6 (b)(3)(ii). Further, there is nothing in either the letter or the spirit of Rule 6 (b)(3)(ii) which precludes the State from proceeding under the act where a new sentencing hearing has been ordered. Accordingly, we reinstate James Earl Hinton's sentence of life imprisonment without parole.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.