ON REHEARING
TYSON, Judge.
On October 8, 1985, this court unanimously, without opinion, affirmed this cause. 482 So.2d 306. This judgment is hereby set aside.
James Johnson was charged by indictment with intentionally causing the death of Joseph Smith “by shooting him with a pistol” contrary to § 13A-6-2, Code of Alabama 1975 as amended. He initially pled not guilty at arraignment but, thereafter, the record discloses an “Ireland Form”, Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).
Thereafter, the cause came on for trial and the appellant appeared before Judge Garrett and withdrew his not guilty plea and entered a plea of guilty. The record contains a Boykin v. Alabama colloquy, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The cause was then passed for sentencing and at sentencing the appellant admitted that he was guilty and was sentenced to 22 years’ imprisonment.
A supplemental record was prepared and included on this appeal. It shows the notice of appeal and the Boykin colloquy herein referred to.
I
The only issue on appeal appears to be that the so-called range of punishment issue was not properly explained to this appellant. See Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973) and McNalley v. State, 468 So.2d 209 (Ala.Crim.App.1985).
The “Ireland Form” indicated that the range of punishment would be from 99 years or life to not less than 10 years.
However, since a firearm or pistol was used in this cause, the appellant was sentenced under the provisions of § 13A-5-6 Code of Alabama, 1975 as amended to “not less than 20 years”. See 13A-5-6(4), Code of Alabama 1975.
In other words, the appellant here argues that, had he known the proper sentence would be for not less than 20 years, he would not have entered his plea of guilty.
Since this is a factual dispute which is not properly covered in this record, we have no alternative but to remand this cause for hearing to give this appellant the opportunity to either withdraw his plea of guilty or to more properly develop the record on this question.
In light of this discussion this cause is hereby remanded with directions for a hearing with counsel present and representing this appellant.
MOTION GRANTED; OPINION ISSUED; REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
TYSON, Judge.
On November 12, 1985, this court issued its opinion remanding this cause for hearing with counsel present on the question of the appellant’s understanding of the range of punishment at the time he entered his plea of guilty. See Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973) and McNalley v. State, 468 So.2d 209 (Ala.Crim.App.1985).
*193 Under date of August 18, 1988, a return to remand was filed in this court indicating that a hearing was conducted in the Circuit Court of Jefferson County, Alabama, on February 21, 1986, at which time the following order was entered:
“On the 21st day of February, 1986, after a hearing in this case pursuant to the remand order of the Court of Appeals, the Court is satisfied that the defendant was not fully aware of the minimum terms of punishment, and the plea of guilty is hereby set aside.”
In view of the above order, the appeal in this court is hereby dismissed as moot.
APPEAL DISMISSED AS MOOT.
All the Judges concur.