* Original decision, without opinion, dated October 8, 1985.
 ON REHEARING
On October 8, 1985, this court unanimously, without opinion, affirmed this cause. 482 So.2d 306. This judgment is hereby set aside.
James Johnson was charged by indictment with intentionally causing the death of Joseph Smith "by shooting him with a pistol" contrary to § 13A-6-2, Code of Alabama 1975 as amended. He initially pled not guilty at arraignment but, thereafter, the record discloses an "Ireland Form",Ireland v. State, 47 Ala. App. 65, 250 So.2d 602
(1971).
Thereafter, the cause came on for trial and the appellant appeared before Judge Garrett and withdrew his not guilty plea and entered a plea of guilty. The record contains aBoykin v. Alabama colloquy, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The cause was then passed for sentencing and at sentencing the appellant admitted that he was guilty and was sentenced to 22 years' imprisonment.
A supplemental record was prepared and included on this appeal. It shows the notice of appeal and the Boykin
colloquy herein referred to.
 I
The only issue on appeal appears to be that the so-called range of punishment issue was not properly explained to this appellant. See Carter v. State, 291 Ala. 83,277 So.2d 896 (1973) and McNalley v. State,468 So.2d 209 (Ala.Crim.App. 1985).
The "Ireland Form" indicated that the range of punishment would be from 99 years or life to not less than 10years.
However, since a firearm or pistol was used in this cause, the appellant was sentenced under the provisions of §13A-5-6 Code of Alabama, 1975 as amended to "not less than 20 years". See 13A-5-6(4), Code of Alabama 1975.
In other words, the appellant here argues that, had he known the proper sentence would be for not less than 20 years, he would not have entered his plea of guilty.
Since this is a factual dispute which is not properly covered in this record, we have no alternative but to remand this cause for hearing to give this appellant the opportunity to either withdraw his plea of guilty or to more properly develop the record on this question.
In light of this discussion this cause is hereby remanded with directions for a hearing with counsel present and representing this appellant.
MOTION GRANTED; OPINION ISSUED; REMANDED WITH DIRECTIONS.
All the Judges concur.
 ON RETURN TO REMAND