Phillip DeWayne Humber was indicted on two counts of burglary in the third degree. At arraignment he pleaded not guilty, but later a plea bargain agreement was reached and appellant changed his plea to guilty. He was sentenced, under the Habitual Felony Offender Act, to ten years imprisonment on each count, sentences to run concurrently.
 I
The appellant contends that he was not given sufficient advance notice, as required by Alabama Temporary Rules of Criminal Procedure 6 (b)(3)(ii), that he would be sentenced under the Habitual Felony Offender Act. The appellant was told that he would be sentenced as a habitual offender one day before his sentence hearing. This court has previously held that two days' advance notice is reasonable. Gratton v. State,455 So.2d 189 (Ala.Cr.App. 1984); Holley v. State,397 So.2d 211 (Ala.Cr.App.), cert. denied, 397 So.2d 217 (Ala. 1981). We are unwilling to set a minimum time for such notice, preferring to leave the determination of "reasonableness" to the discretion of the judge on the scene, who is familiar with the circumstances of the case. Moreover, the appellant admitted to his convictions at trial. "Where an accused admits the prior convictions at trial, there is no legal requirement for notice." Fisher v. State, 453 So.2d 2, 3 (Ala.Cr.App. 1984).
 II
The appellant also alleges that the trial court erred in ordering him to pay restitution, arguing that the "Plea Recommendation and Restitution Agreement" did not mention restitution. Article 4A of Title 15, Code 1975, relating to restitution, sets out the policy of the state and mandates restitution hearings and restitution orders. While it is possible for the district attorney and the defense counsel to agree to an amount of restitution as part of the sentencing agreement, it is not mandatory that they do so. Even if they do so agree, the court is not bound to accept the agreement. *Page 454 
They cannot, however, get around the requirements of §15-18-67, et. seq. by simply omitting to agree on any amount as restitution.
The appellant also contends that the state failed to establish the value of the stolen property and that no hearing was held on the issue. Rule 10 (a)(5), Alabama Temporary Rules of Criminal Procedure, does not require the court to conduct a hearing to determine the amount of restitution unless the proposed amount is in dispute. Here, the appellant, when asked by the trial judge whether he wished to dispute the amount of money owed as restitution, answered in the negative.
 III
The appellant next contends that his guilty plea was not intelligently and voluntarily made, as is required by Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "The record must affirmatively show the colloquy between the court and the defendant wherein the defendant is shown to have full understanding of what the plea of guilty connotes and its consequences." Walcott v. State, 48 Ala. App. 754, 263 So.2d 177
(Ala.Cr.App.), 288 Ala. 546, 547, 263 So.2d 178 (Ala. 1972). This colloquy may be supplemented, however, by a validly executed Ireland[1] form if the trial court ascertains, on the record, that the accused has read and understood the rights enumerated in that form. Twyman v. State, 293 Ala. 75,300 So.2d 124 (1974); Cashin v. State, 428 So.2d 179 (Ala.Cr.App. 1982); McNalley v. State, 468 So.2d 209 (Ala.Cr.App. 1985).
Here, the trial judge had a colloquy with the appellant to determine whether he had read and understood his constitutional rights as set forth in the Ireland form. Only after the appellant acknowledged that he had read and understood these rights did the court accept his plea.
The appellant also asserts that his guilty plea was not voluntarily and intelligently given because he says that he was not informed, before his plea, that he could be required to pay restitution. The record indicates that the appellant was aware, before he entered his guilty plea, that he might be ordered to pay restitution if he were convicted.
AFFIRMED.
All the Judges concur.
[1] Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971).