505 So.2d 1292 (1986)
Jerry Lee PORTER,
v.
STATE.
2 Div. 555.
Court of Criminal Appeals of Alabama.
December 30, 1986.
On Return to Remand March 24, 1987.
*1293 L. Scott Atkins, Centreville, for appellant.
Charles A. Graddick, Atty. Gen., and Gerrilyn V. Grant, Asst. Atty. Gen., for appellee.
PATTERSON, Judge.
Porter was indicted for the offense of robbery in the first degree. He was convicted by a jury of the offense of third degree robbery and, subsequently, sentenced as a habitual offender to life imprisonment. Upon review of Porter's contentions contesting the validity of his conviction, we find no error. However, we remand for resentencing, for the provisions of the Alabama Habitual Felony Offender Act were erroneously applied.[1]
The instant offense was committed on October 18, 1984. However, the "prior" convictions which were used to enhance Porter's punishment (two convictions for second degree theft and one for third degree robbery) occurred February 11, 1985, pursuant to Porter's pleas of guilty. The Act provides that its provisions apply only "when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony." Ala.Code § 13A-5-9(a) (1975) (emphasis added). Here, the three convictions used to enhance Porter's punishment were not followed by the commission of the instant felony. Burgess v. State, 412 So.2d 298, 299 (Ala.Cr.App.1982). See, e.g., Hamm v. State, 439 So.2d 829 (Ala.Cr.App.1983); Burgess.
Accordingly, this cause is remanded for resentencing.
REMANDED WITH DIRECTIONS.
All Judges concur.

On Return to Remand
PATTERSON, Judge.
The return to remand discloses that the trial court has fully complied with our directions in remanding this cause for the trial court to conduct another sentence hearing, which was conducted on February 18, 1987, with appellant and attorneys for the respective parties present, at which time the trial court announced judgment of sentence of life imprisonment in the penitentiary.
In the initial sentencing proceedings held by the trial court on April 22, 1986, the State, after proper notice invoking sentencing under the Habitual Felony Offender Act, §§ 13A-5-9 and -10, Code of Alabama 1975, and A.R.Crim.P.Temp. 6(b)(3), produced evidence of three felony convictions to be considered by the trial court for enhancement of sentence under the Act. The trial court considered these three felony convictions in sentencing appellant to life *1294 imprisonment as a habitual offender. § 13A-5-9(c)(1). These three convictions did not qualify as prior convictions for consideration under the Act for enhancement purposes since they were not followed by the commission of the felony for which appellant was being tried in the instant case. § 13A-5-9(a). Thus, the initial sentence was erroneous, requiring our remand.
At the new sentencing proceedings, after proper notice by the State invoking sentencing under the Habitual Felony Offender Act, the State presented evidence of six additional, separate and distinct prior felony convictions which pre-date the date of the commission of the felony involved in the instant case, and qualify as felonies which can be considered for enhancement purposes under the Act. The trial court considered these six additional felony convictions for enhancement purposes at the new sentencing hearing and sentenced appellant again to life imprisonment.
It is proper for the State to proceed under the Habitual Felony Offender Act and to add or substitute different prior felony convictions to those considered at the original sentencing hearing where a new sentencing hearing has been ordered. Hinton v. State, 473 So.2d 1125 (Ala.1985). We consider this proposition to have been qualified by two recent decisions of the Alabama Supreme Court relating to sentencing under the Habitual Felony Offender Act: Ex parte Williams, [Ms. 85-1278, February 6, 1987] (Ala.1987), and Ex parte Glover, [Ms. 85-1384, February 6, 1987] (Ala.1987). In Williams, the Supreme Court held that, in order to sentence a criminal defendant under the Act, the Act must be invoked prior to the defendant's original sentencing, as mandated by Rule 6 of the Temporary Rules of Criminal Procedure, and that, if the Act is not invoked, the original sentence may not be subsequently set aside because of a failure to apply the Habitual Felony Offender Act. In Glover, the court, in reversing an enhanced sentence under the Act, where there had been a failure to comply with the notice requirements of the Act, directed a resentencing without application of the Act.
In the case at bar, the Act was invoked prior to the original sentencing, as mandated by Rule 6. Williams. Thus, by giving proper notice prior to the subsequent sentencing, the State was authorized, in accordance with Hinton, to rely on six other prior felony convictions to urge enhancement of appellant's sentence. We have examined the transcript of the resentencing proceedings, and find that these prior convictions were properly proven, and that appellant was represented by counsel at each of the proceedings leading to the convictions. We further find that appellant was given timely and proper notice that he would be sentenced at the new sentencing hearing under the Habitual Felony Offender Act and was given notice of the prior convictions to be relied upon. The sentence imposed is authorized by the statutes and is due to be affirmed. §§ 13A-8-43; 13A-5-9(c)(1).
Having previously reviewed appellant's contentions contesting the validity of his conviction, and finding no error, and now having reviewed the resentencing proceedings and finding the sentence proper, we affirm.
AFFIRMED.
All Judges concur.
NOTES
[1] Although defense counsel entered only a general objection to the use of the "prior" convictions offered by the prosecution, we find the issue to be preserved for our review. A general objection will suffice to preserve an issue for review if the allegedly objectionable matter is clearly not proper for any purpose or if the ground is so obvious that the court's failure to act constitutes prejudicial error. Samuel v. State, 455 So.2d 250, 252 (Ala.Cr.App.1984).