Sylvester Jackson was convicted of attempted murder, promoting prison contraband, and assault (2 counts). The State gave Jackson notice that it planned to invoke the Habitual Felony Offender Act by proving three prior Choctaw County felony convictions; the trial court sentenced Jackson to life without parole on the attempted murder conviction and to life on each of the other convictions. The Court of Criminal Appeals affirmed his convictions but remanded for a new sentencing hearing because the prior convictions were not properly proved.Jackson v. State, 566 So.2d 752 (Ala.Cr.App. 1987), cert. denied, 566 So.2d 757 (Ala. 1988). On remand, the State decided not to use the three Choctaw County convictions and instead gave Jackson notice that it planned to use five prior Washington County felony convictions.[1] On July 30, 1987, Jackson was again sentenced to life without parole on the attempted murder conviction and to life on each of the other convictions.
On return to remand, the Court of Criminal Appeals again remanded for a new sentencing hearing, because that court interpreted this Court's cases of Ex parte Glover,508 So.2d 218 (Ala. 1987), and Ex parte Williams, 510 So.2d 135 (Ala. 1987), to mean that the State must use the same felonyconvictions at a second sentencing hearing as it did at the first one. We granted certiorari and now reverse the judgment of the Court of Criminal Appeals insofar as it holds that the State was limited to the same felony convictions that it had used at the first sentencing hearing, but a third sentencing hearing will be necessary because the trial court was without jurisdiction to impose a sentence at the second sentencing hearing.[2]
Because Jackson will have to be sentenced again, and because the question of what felony convictions the State may use to enhance punishment will recur at that resentencing, we address that question, because of statements in the opinion of the Court of Criminal Appeals that the State would be limited to proving the Choctaw County convictions. *Page 760 
The State correctly points out that Glover and Williams stand for the proposition that the Habitual Felony Offender Act cannot be applied if the defendant was not given proper notice before the first sentencing hearing; but those cases have nothing to do with what convictions the State can or cannot attempt to use at a later sentencing hearing. Indeed, Hinton v.State, 473 So.2d 1125 (Ala. 1985), and Porter v. State,505 So.2d 1292 (Ala.Cr.App. 1986), both stand for the proposition that the State may use at a second sentencing hearing convictions other than those it used at the first hearing,provided that proper notice had been given both times, as it was here.
There is a clear conflict here between the opinion of the Court of Criminal Appeals and the prior opinions inHinton and Porter, and we conclude that the Court of Criminal Appeals has misinterpreted Glover and Williams. Therefore, we reverse the judgment of the Court of Criminal Appeals insofar as it holds that the Washington County convictions, of which the defendant had proper notice, cannot be used in the next sentence hearing, and we remand this cause so that court may order a new sentencing hearing consistent with this opinion. Because the trial court was without jurisdiction to sentence the defendant at the second sentencing hearing, the State should again give the defendant notice of the convictions it intends to use at this third sentencing hearing, so that the defendant, the trial court, and any reviewing court may know just which convictions are going to be used under the provisions of the Habitual Felony Offender Act.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] In its application for rehearing before the Court of Criminal Appeals, the State, pursuant to the provisions of Rule 39(k), A.R.App.P., requested that court to include in its opinion additional facts:
 "On page 48 of the remand transcript appears the District Attorney's written notice of his intent to use the Washington County convictions. The certificate of service indicates that the notice was served on Defendant's counsel. The notice lists the offenses and the circuit court numbers. On page seventeen of the return to remand transcript the trial court was made aware of the notice sent to counsel. Counsel did not dispute the fact that he received the notice but asserted the State was limited to proof of the Choctaw County convictions. (R. 17-19, 22-23) Based on the above, the State requests that this Court find pursuant to Rule 39(k) that counsel had notice of the Washington County convictions prior to resentencing."
[2] Both the State and Jackson concede that the trial court was without jurisdiction to enter its second sentence because Jackson's petition for certiorari was still pending at the time. Jackson was resentenced on July 30, 1987, one month after the Court of Criminal Appeals issued its opinion ordering the resentencing; however, Jackson had applied for rehearing before the Court of Criminal Appeals and then had petitioned this Court for a writ of certiorari, and that petition was pending until January 8, 1988. A judgment of the Court of Criminal Appeals is not final until that court issues its certificate of judgment, and an application for rehearing in that court and a petition in this Court for writ of certiorari stay the issuance of that certificate. Pratte v. State, 465 So.2d 483
(Ala.Cr.App. 1985); Rule 41, A.R.App.P.