McMILLAN, Judge.
The appellant was convicted of theft of property in the first degree and was sentenced to life, pursuant to the Habitual Felony Offender Act. Certified copies of three prior felony convictions, arising out of Florida, were admitted against the appellant at the sentencing hearing. Defense counsel did not object and indicated to the court that he had reviewed them. Following this sentencing hearing, the State moved to set aside the sentence and served the appellant with written notice of the prior convictions. The appellant was thereafter resentenced.
*1042 On appeal, the appellant argues that the three prior convictions were improperly-used against him, because he did not receive proper notice of them before his initial sentencing hearing. The record indicates that, during cross-examination of the appellant at trial, the appellant admitted to having been convicted of two of the three prior offenses which were used for enhancement purposes at trial, as well as another conviction which was not used. Thereafter, following the conviction, the prosecutor moved to postpone sentencing and indicated that the State had notice of a number of prior convictions of the appellant; however, the prosecution stated that it was not satisfied that all of them were properly authenticated and therefore asked for a continuance. The record includes a case action summary which indicates that sentencing was held on November 1, 1989, and that the appellant was sentenced to life imprisonment on the basis of three prior felonies, arising from Florida. On November 2, 1989, the State filed written notice to the appellant of these three same three prior felonies and filed a motion to set aside the sentence and a request for resen-tencing on the grounds “[t]hat the three sentences offered by the State of Alabama to enhance Defendant’s sentence were introduced [the defendant’s] without having received notice that the State intended to use said convictions.” Thereafter, on November 9, 1989, a second sentencing hearing was held, during which the appellant objected to the use of the three prior convictions on the grounds that he did not receive proper notice prior to the first sentencing hearing. These same three prior convictions were used at the second hearing.
Although the appellant cites Ex parte Williams, 510 So.2d 135 (Ala.1987), Ex parte Glover, 508 So.2d 218 (Ala.1987), and Pardue v. State, 571 So.2d 320 (Ala.Cr.App.1989), reversed on other grounds, 571 So.2d 333 (Ala.1990), this case is factually distinguishable. In the present case, the resentencing hearing was held pursuant to the State’s motion one day following the original sentencing hearing. The trial court ruled the original sentencing hearing to be void, and the appellant received seven days of proper notice prior to the resen-tencing. Such notice was sufficient. Hinton v. State, 473 So.2d 1125 (Ala.1985). Thus, any error was corrected at the trial level, prior to the filing of the notice of appeal. Because the first sentencing hearing was held to be void and the proper procedures for sentencing were thereafter fulfilled while the trial court still retained jurisdiction, the original sentencing hearing was moot and a nullity for purposes of appeal. See Ray v. State, 484 So.2d 524, 528 (Ala.Cr.App.1985). See also Rule 60(b), Alabama Rules of Civil Procedure. Thus, we find no error in the appellant’s sentencing.
AFFIRMED.
All Judges concur, except BOWEN, J., who dissents with opinion.