BOWEN, Judge,
dissenting.
Appellant is entitled to be resentenced without application of the Habitual Felony Offender Act, because he was not notified, prior to his first sentencing, of the prior convictions upon which the State intended to rely.
The State’s attempt to remedy the lack of notice by moving the trial court to set aside the first sentence and to resentence appellant in accord with Rule 6(b)(3)(ii), cannot compensate for the failure to properly invoke the Habitual Felony Offender Act the first time. The Act is not self-executing; it “prescribes certain triggering requisites,” Ex parte Glover, 508 So.2d at 220, and it is “invoked” by the prosecutor’s giving notice.
“Ex parte Williams, 510 So.2d at 136, holds that, in order to sentence a criminal defendant under the Habitual Felony Offender Act, the Act must be invoked prior to the defendant’s original sentencing and a sentence may not be subsequently set aside because of a failure to apply the Act.” Glover v. State, 508 So.2d at 221 (Ala.Cr.App.1987) (on return to remand). (Emphasis added.)
*1043 In Jackson v. State, 566 So.2d 758 (Ala.1990), the Alabama Supreme Court reiterated that “Glover and Williams stand for the proposition that the Habitual Felony Offender Act cannot be applied if the defendant was not given proper notice before the first sentencing hearing.” (Emphasis added.)
Here the appellant was not given notice before his first sentencing hearing. Therefore, because the Habitual Offender Act was not initially “invoked,” Glover and Williams prohibit the State from seeking, at a second sentencing, to proceed under the Act. See also Ex parte Randle, 554 So.2d 1138, 1139 (Ala.1989) (State may attempt, at second sentencing, to cure deficiency in proof of prior convictions offered at first sentencing only if defendant “was put on notice at the original sentencing hearing that the State intended to offer evidence of his prior felony convictions”).
Jackson v. State also makes it clear that appellant may not, on resentencing, be punished as a habitual offender on the basis of any prior convictions other than the three from Florida which the State introduced. “Hinton v. State, 473 So.2d 1125 (Ala.1985), and Porter v. State, 505 So.2d 1292 (Ala.Cr.App.1986), both stand for the proposition that the State may use at a second sentencing hearing convictions other than those it used at the first hearing, provided that proper notice had been given both times.” Jackson v. State, 566 So.2d at 760 (emphasis in original).