622 So.2d 896 (1993)
Ex parte William David HOWINGTON.
(Re William David Howington v. State).
1910946.
Supreme Court of Alabama.
June 18, 1993.
*897 Earnest Ray White, Brewton, for petitioner.
James H. Evans, Atty. Gen., and J. Thomas Leverette, Asst. Atty. Gen., for respondent.
MADDOX, Justice.
We granted certiorari review in this case to determine whether the Court of Criminal Appeals erred in affirming the petitioner's sentence as a habitual felony offender. The specific question presented is whether the petitioner received sufficient notice of prior felonies the State intended to use to enhance his sentence under Rule 26.6(b)(3)(ii), Ala.R.Crim.P., prior to the time of his initial sentencing, in view of the fact that the initial sentence was set aside on the State's motion. We find that the petitioner had sufficient notice that the State intended to use three prior felonies to enhance his sentence.
In his petition for the writ of certiorari, the petitioner contends that the opinion of the Court of Criminal Appeals conflicts with prior decisions of this Court because, he says, the Court of Criminal Appeals held "that the trial court properly allowed the introduction of three prior felony convictions against the Defendant for purposes of enhancing sentencing at a second sentencing hearing where no notice of the three convictions was given prior to the sentencing [of] the Defendant at an initial sentencing hearing which was set aside by the court."
The pertinent facts are straightforward. The defendant, William Howington, was indicted, tried, and convicted of theft of property in the first degree for stealing a tractor-trailer truck. On November 1, 1989, the trial court sentenced Howington to life imprisonment. The sentence was based on certified copies of three prior felony convictions from Florida.
On November 2, 1989, the State moved the trial court to set aside the sentence so that it could serve Howington with written notice of its intent to use the three convictions for enhancement. The trial court granted the State's motion to set aside the sentence and, on November 9, 1989, the trial court conducted a second sentencing hearing, and again sentenced Howington to life imprisonment based on the Habitual Felony Offender Act.
On appeal, the Court of Criminal Appeals approved the trial court's order setting aside the first sentence and affirmed the second sentence, holding as follows:
"Although the appellant cites Ex parte Williams, 510 So.2d 135 (Ala. 1987), Ex parte Glover, 508 So.2d 218 (Ala. 1987), and Pardue v. State, 571 So.2d 320 (Ala. Cr.App.1989), reversed on other grounds, 571 So.2d 333 (Ala.1990), this case is factually distinguishable. In the present case, the resentencing hearing was held pursuant to the State's motion one day following the original sentencing hearing.

*898 The trial court ruled the original sentencing hearing to be void, and the appellant received seven days of proper notice prior to the resentencing. Such notice was sufficient. Hinton v. State, 473 So.2d 1125 (Ala.1985). Thus, any error was corrected at the trial level, prior to the filing of the notice of appeal. Because the first sentencing hearing was held to be void and the proper procedures for sentencing were thereafter fulfilled while the trial court still retained jurisdiction, the original sentencing hearing was moot and a nullity for purposes of appeal. See Ray v. State, 484 So.2d 524, 528 (Ala.Cr.App.1985). See also Rule 60(b), Alabama Rules of Civil Procedure. Thus, we find no error in the appellant's sentencing."
Howington v. State, 574 So.2d 1041, 1042 (Ala.Cr.App. 1990). After examining the applicable law[1] and the record, especially the transcript of the record of the first sentencing hearing,[2] we conclude that the State gave Howington "notice" of its intent to use three prior felonies to enhance his sentence.[3] Consequently, we affirm the judgment of the Court of Criminal Appeals. Having concluded that Howington received adequate notice, as required by Rule 26.6(b)(3), we need not address the question whether the Court of Criminal Appeals correctly held that the State, even if it has not given notice as required by Rule 26, can nevertheless request the trial court to set aside a sentence so that it can comply with the provisions of Rule 26, so long as the case has not been appealed.[4]
In Ex parte Williams, 510 So.2d 135, 136 (Ala.1987), this Court stated:
"We hold that in order to sentence a criminal defendant under the Habitual Felony Offender Act, the Act must be *899 invoked prior to the defendant's original sentencing, as mandated by Rule 6 of the Temporary Rules of Criminal Procedure [now Rule 26.6(b)(3)(ii) of the new rules]. Furthermore, a sentence may not be subsequently set aside because of a failure to apply the Habitual Felony Offender Act."
Williams states the law regarding the timeliness of the notice of an intent to invoke the provisions of the Habitual Felony Offender Act, that is, that it must be given within a reasonable time before sentencing, but in Williams there was no showing that the defendant had admitted, before sentencing, the commission of the prior felonies used to enhance his sentence, such as is presented here. Cf. Wilson v. State, 428 So.2d 197, 201 (Ala.Cr.App.1983), in which the Court of Criminal Appeals held that "[t]he notice required by [Temporary] Rule 6(b)(3)(ii) of the Alabama Rules of Criminal Procedure [now Rule 26.6(b)(3)(ii) ], is for the purpose of alerting the accused as to the prior convictions upon which the prosecution will rely to enhance the punishment." The court said: "Where the accused admits the prior felony conviction in his testimony, as is the case here, the necessity for the notice is obviated." (Emphasis supplied.) Since deciding Wilson, the Court of Criminal Appeals has consistently adhered to the "admission of prior convictions" rule. See Petite v. State, 520 So.2d 207 (Ala.Cr.App.1987); Nesbitt v. State, 531 So.2d 37 (Ala.Cr.App. 1987); Webb v. State, 539 So.2d 343 (Ala. Cr.App.1987); Humber v. State, 481 So.2d 452 (Ala.Cr.App. 1985); and Fisher v. State, 453 So.2d 2 (Ala.Cr.App. 1984); but see Ex parte Glover, 508 So.2d 218 (Ala. 1987), a case relied on by the petitioner, in which this Court implicitly recognized that if the defendant had admitted to prior convictions during his trial, then the notice requirement of Rule 26 would have been satisfied. In Glover, the Court noted that the purpose for the "notice" requirement is "to test the propriety of the enhancement of the sentence pursuant to the Act," and held that "[q]uestions of authenticity of the record of conviction; identity of the accused; and whether the accused was represented by counsel upon his prior felony convictions, are all proper inquiries leading to the appropriate application of the Act," and that in Glover, "[t]hese prescribed deficiencies [were] compounded by the trial court's denial of a pre-sentence report." 508 So.2d at 220-21.
Here, the record shows that Howington admitted to the three prior felony convictions both during trial,[5] and at the initial sentencing hearing.[6]
The Court of Criminal Appeals has held that Rule 26.6(b)(3)(ii), Ala.R.Crim.P., does not require written notice and that a presentence report can satisfy the notice requirement. See Nesbitt v. State, 531 So.2d 37, 42 (Ala.Cr.App. 1987). Also, that court has held that a determination of how much notice is "reasonable" is a matter left to the trial court's sound discretion. Humber v. State, 481 So.2d 452 (Ala.Cr.App.1985).
On the question of the sufficiency of the notice here, the record reflects that the State gave Howington prior oral notice of its intent to use the three prior convictions for enhancement purposes. Implicitly, the record also shows that the trial court found that the amount of notice given was reasonable. Furthermore, the record reflects that a presentence report was ordered and *900 that the report listed the prior convictions. According to our understanding of the record on appeal, certified copies of three prior felonies were presented to the court at the initial sentencing hearing, and the petitioner and his counsel received notice of the State's intent to seek enhancement shortly after the jury found him guilty.[7]
Based on the foregoing, we conclude that the State gave Howington adequate notice *901 as required by Rule 26.6(b)(3)(ii). The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, STEAGALL and KENNEDY, JJ., concur.
HOUSTON, J., dissents.
HOUSTON, Justice (dissenting).
I adopt Judge Bowen's dissent as my dissent.
NOTES
[1] Section 13A-5-10(a), Ala.Code 1975, states, "The court may conduct a hearing upon the issue of whether a defendant is a repeat or habitual offender under § 13A-5-9, according to procedures established by rule of court." (Emphasis supplied.) Rule 26.6(b)(3)(i) and (ii), Ala.R.Crim.P., state:

"(i) In any case involving an alleged habitual felony offender as provided in Ala.Code 1975, § 13A-5-9, if a hearing is necessary in order to establish the alleged prior conviction or convictions in the record, the court, on its own motion or on a motion of the district attorney or on motion of the defendant, after a determination of guilt, shall hold a hearing at a date to be set by the court.
"(ii) At a reasonable time prior to the hearing, the defendant shall be given notice of the prior conviction or convictions upon which the state intends to proceed."
(Emphasis supplied.)
[2] The record shows that, at the initial sentencing hearing, the court stated: "Mr. Rice [prosecutor], I think you've made it known of the state's intention to have this defendant sentenced pursuant to the Habitual [Felony] Offender Act?" Mr. Rice answered: "That's correct, Your Honor, and we have in hand and I will submit to you certified certificates of judgment in reference to three prior felonies. And we submit those to the court at this time. The state's position being that because of these prior felonies that really there's only one sentence that can be entered in this case and that sentence is life under the Habitual [Felony] Offender Act. The terms of it would dictate a life sentence." The record indicates that the court reviewed these documents before it sentenced the petitioner, that a discussion ensued about marking the documents for introduction into evidence, and that the petitioner's counsel said, "I suggest introducing these as A, B, and C as to sentencing." After further colloquy, the following transpired:

"THE COURT: All right. Mr. Price [petitioner's counsel], have you had an opportunity to review these?"
"MR. PRICE: Yes, sir."
[3] We do not set out the entire colloquy between the trial court, the prosecutor, defense counsel, and the defendant himself, but it is obvious from a reading of the record that Howington knew he would be sentenced as a habitual felony offender and that he knew which felonies the State was going to use. The trial judge stated to him at his allocution that the only sentence the judge could impose, in view of his prior record, was life imprisonment, and that even though the judge would like to impose a less severe sentence the legislature required otherwise.
[4] The facts here show that the State did not admit that the notice of its intent was not adequate. At the beginning of the second sentencing hearing, the trial judge stated the following:

"THE COURT: The State, I believe, without admitting that there was a failure of prior notice, has requested that the defendant be resentenced just to make sure that the notice requirement has been complied with, and has filed a motion for resentencing.
"The court at this time grants that motion.... The court has granted the motion to resentence."
[5] In pertinent part, the record reads:

"Q: [on cross-examination by Mr. Godwin, a district attorney]: Is it your testimony that you didn't intend to steal that truck?
"A: Not to steal it, no, sir.
"Q: But you have served time for stealing before; haven't you?
"A: Yes, sir.
"Q: As a matter of fact, you have been convicted of grand theft in Pensacola, Florida; you've been convicted of unauthorized taking in Brunswick, Maine; and you've been convicted of theft in Sarasota, Florida; haven't you?
"A: Yes, sir.
"Q: You served time for all those offenses, haven't you?
"A: You know, no time just jail time in waiting to go to court and they give me time served.
"Q: You `re not denying you were arrested and you served time for all those offenses, are you?
"A: No, sir."
(R. at 107-08; emphasis supplied.)
[6] See footnote 4, supra.
[7] The following took place after the jury returned its verdict finding Howington guilty of stealing the tractor-trailer truck:

"MR. PRICE: [Howington's attorney]: Your Honor, we would request a presentence investigation and [that] the defendant be continued under the existing bond.
". . . .
"THE COURT: The only question I have, and I don't know what the answer is to it, and I've investigated it, what is the possible range of sentence that he can receive at this point if he has prior felonies?
"I know once I sentence him if it's less than 20, of course, he is entitled to bond as a matter of right pending appeal. But for more than 20 he's not entitled to bond as a matter of right. The gap between conviction and sentencing, I don't know what the law is on that as far as
"MR. PRICE: I don't think it's very clear. I mean, I would represent to the court that three or more that the minimum would be 15 years.
"MR. GODWIN: [district attorney]: No, three or more the minimum sentence is life, if it's three or more.
"THE COURT: Yeah, two or more it would be 15; three or more life.
"MR. PRICE: It's a B.
"THE COURT: Yeah. That's what it would be for two would be 15 to 99 or life, and for three it would [be] life.
"MR. GODWIN: Your Honor, the State does have notice of a number of convictions, however they are notthe State is not satisfied that they are properly authenticated, so we would not want to represent that we can meet the burden of showing sufficient convictions. We do have notice of these but not enough, as I said, to meet the requirements under the law to enhance with these today.
"MR. PRICE: Two other charges pending and there's bonds in both those charges, Your Honor.
". . . .
"MR. GODWIN: Your Honor, the State would want to be heard even though we may not have the evidence to sustain the enhancement. We feel [that we] are much more familiar with his background than we were at the time of his arrest since these were out of state and we would want to be heard on his extensive arrest record."
(R. at 138-40.)
At the first sentencing hearing on November 1, 1989, the following colloquy occurred:
"THE COURT: Let's go on the record in this case. This [is the case of] the State of Alabama versus William David Howington, CC-89-06. Mr. Howington was tried by a jury on June 16, 1989. The jury verdict of guilty as charged in the indictment was returned by the jury. Sentencing was deferred and pre-sentence report was ordered by this court.
"First of all, let me say that the court enters judgment in accordance with the jury verdict rendered in this case. And I have reviewed the pre-sentence report.
"Mr. Rice, I think you've made it known of the State's intention to have this defendant sentenced pursuant to the Habitual [Felony] Offender Act?
"MR. RICE: That's correct, Your Honor, and we have in hand and I will submit to you certified, properly certified certificates of judgment in reference to three prior felonies. And we submit those to the court at this time. The State's position being that because of these prior felonies that really there's only one sentence that can be entered in this case and that sentence is life under the Habitual [Felony] Offender Act. The terms of it would dictate a life sentence.
"It was a grand theft case that you're looking at, Judge. And then the one underneath it is from Pensacola and [there are] two felonies upon which he was convicted.
"The pre-sentence report mentions some others from, I believe, the state of Maine but the probation officer was unable to get all the proper authentication on those. But they, I believe, are mentioned in your pre-sentence report. But these are the ones the State takes the position we do have the appropriate paperwork. Each one shows he was represented by counsel. And we contend that they are properly certified under the requirements of the law for the enhancement and habitual offender purposes of the statute.
"THE COURT: All right. Let me look these over just a moment.
". . . .
"MR. RICE: Judge, then the State submits to you as State's Exhibit A, which is a certified and authenticated copy of judgment and sentence from Sarasota County, Florida, against Mr. Howington for grand theft in the second degree, the 28th day of August, 1979.
"And then Exhibit B, a certificate from Escambia County, Florida, and it shows conviction on the 5th day of July, 1978, for burglary; and then secondly, grand theft.
"THE COURT: Okay.
"MR. RICE: Each of such shows representation by counsel.
"THE COURT: All right. Mr. Price have you had an opportunity to review these?
"MR. PRICE: Yes, sir."
(R. at 143-46; emphasis supplied.)