TAYLOR, Judge.
The appellant, Edward C. Perkins, was indicted on June 29, 1984, in a three-count indictment charging him with burglary, third degree; theft of property, second degree; and receiving stolen property, second degree. The burglary and receiving stolen property counts were nol-prossed, and on October 22,1984, appellant Perkins entered a plea of guilty to the second degree theft of property count. At the guilty plea hearing, the trial judge ascertained from Mr. Perkins the following: that he understood the charge of second degree theft of property; that his appointed attorney had gone over the indictment with him; that the attorney had gone over “your constitutional *724 rights with you , that he understood each of his constitutional rights; that he understood that he had the right to insist on them; that in explaining to him his constitutional rights, his attorney used a document styled “request to enter guilty plea” (an “Ireland” form which is contained in the record); that he voluntarily signed the document; that if he insisted on any of his rights they would be enforced in his favor; and that he understood that he did not have to plead guilty if he did not wish to do so. The court also stated, “I want to emphasize Point 11 in this document. Has anyone threatened you or promised you any reward or inducement or that anything bad would happen to you if you did not plead guilty to this charge?” The defendant answered, “No, sir, no one has.” The trial court advised the appellant of the minimum and maximum possible sentences and also that any recommendation of sentence would not be binding upon the judge, to which the appellant stated he understood. The appellant then stated to the judge the facts supporting the charge of theft of property, during which the inference was raised of a defense of intoxication. The court immediately asked the appellant, “Do you understand the defense of intoxication?” The appellant answered, “Yes, sir.” The court then asked the appellant, “Have you gone over that with your lawyer?” The appellant answered, “Yes, sir.” The court then asked appellant’s attorney if, based on his knowledge of the facts, it was his recommendation that the appellant plead guilty. Appellant’s attorney replied in the affirmative. See Whorton v. State, 422 So.2d 812 (Ala.Cr.App.1982). The appellant’s plea of guilty was then accepted by the court, and the State recommended 18 months’ imprisonment and agreed to stand mute on the issue of probation. A sentencing hearing was then scheduled.
A sentencing hearing was held on December 6, 1984, at which probation was denied and the appellant was sentenced to four years’ imprisonment. The following day, to-wit: on December 7, 1984, the appellant filed a “Notice Of Appeal And Request for Bond.” At no time did the appellant file a motion to withdraw his guilty plea nor a motion for new trial. Therefore, because there is no adverse ruling at the trial court level, there is nothing preserved for review at the appellate level. This Court so held in Johnson v. State, 480 So.2d 14 (Ala.Cr.App.1985). Even if such a request had been filed, thus preserving the issue for appeal, the issues raised by the appellant in his brief are without merit.
AFFIRMED.
All the Judges concur.