Appellant Craig McClaren was indicted for offenses arising out of the "insurrection" at the St. Clair County Correctional Facility in which guards were assaulted and hostages taken. He was indicted in Case No. CC-86-62 for first degree assault and in Case No. CC-86-63 for first degree kidnapping. Appellant pleaded guilty in each case on May 17, 1986, and was sentenced to 17 years in each case with the sentences to run concurrently.
It is contended that the court erred to reversal in failing to advise the accused correctly as to the maximum and minimum sentences he could receive in his cases if he went to trial. The following occurred:
 "THE COURT: Now, on the charge of kidnapping in the first degree, in the event that you should enter a plea of guilty or else the jury should find you guilty, then the minimum sentence that could be imposed by this court would be not less than ten years to life or 99 years in the state penitentiary. On the charge of assault in the first degree, the minimum sentence that could be imposed in that case would be not less than two years in the state penitentiary nor more than twenty years in the state penitentiary, that would be a class C felony, assault in the first degree.
The court correctly stated the minimum and maximum penalties that would have been applicable for kidnapping in the first degree, a class A felony, if the appellant had been a first offender. Section 13A-6-43, Code of Alabama 1975. We take judicial notice that the accused was a convicted felon, confined in a penal institution established for the confinement of convicted felons. We also take judicial notice of our own records, reflecting the affirmance of appellant's first degree murder conviction and life sentence at 353 So.2d 24
(Ala.Cr.App.), cert. denied, 353 So.2d 35 (Ala. 1977). The fact of McClaren's one or more prior felony convictions does not appear to have been brought to the attention of the court by the district attorney, as is required by law. The provisions of the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975, are mandatory in their application. Watson v. State,392 So.2d 1274 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1280
(Ala. 1981), and innumerable subsequent cases. The Act must be applied as the law of the state by district attorneys, who have an affirmative duty to *Page 1327 
inform the courts of the existence of prior felony convictions.
The offense of assault in the first degree is a class B felony, and the court correctly stated the penalty as being not more than twenty nor less than two years if applied to a first offender. Here again, since the accused was a convicted felon, the possible range of penalty is graduated based upon how many prior felonies have been committed by him.
A negotiated plea, signed by the district attorney, the defendant, and his attorney, was made a part of the record in this case. Even in the case of a negotiated plea, our higher courts require that the accused be informed of the correct range of maximum and minimum penalties. If, for example, the appellant has been convicted of two prior felonies, the only penalty for conviction of a class A felony is "imprisonment for life or for any term of not less than 99 years." §13A-5-9(b)(3). In such event, not only would the advice as to range of punishments be incorrect; the sentence to 17 years would be outside the range of permissible punishments.
Accordingly, we have no choice but to reverse and remand this proceeding to the trial court for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.
All the Judges concur.