PATTERSON, Judge.
Edward Lee Moore was indicted on a charge of robbery in the first degree. Counsel was appointed to represent Moore on May 21, 1987. After pleading not guilty, Moore was tried by a jury and convicted on September 22, 1987, for robbery in the first degree as charged in the indictment. He was sentenced to 35 years’ imprisonment and ordered to pay $100.00 to the victim’s compensation fund and $1,766.00 restitution to the victim, Paper Stock Dealers, Inc.
Notice of appeal was filed with this court on September 25, 1987. Defense counsel filed a motion to withdraw as counsel on October 20, 1987. The motion to withdraw was overruled by the circuit court on October 21, 1987, and counsel was ordered to represent Moore on appeal.
The record was certified as complete and transmitted on November 23, 1987. On January 4, 1988, this court notified counsel for appellant that a brief had not been filed. On January 15, 1988, counsel filed a late brief, stating:
“This brief is filed pursuant to Anders v. California, 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] ... [1967].
“The undersigned court appointed attorney, prior to appeal, notified the Trial Court and the defendant that any appeal of the conviction in the Trial Court would be without merit.
“The undersigned has reviewed the record in this case, and is of the opinion that it is free of reversible error, and that this appeal is without merit.”
We find that this language is substantially the same as that deemed insufficient in Anders v. California. Anders v. California, 386 U.S. at 743, 87 S.Ct. at 1399, sets out the guidelines to be followed when counsel finds his case to be wholly frivolous. It states:
“[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel’s brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel— then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.”
We find that counsel’s “brief” falls below these standards.
Therefore, the submission of this case is hereby set aside and this cause is remanded to the circuit court with instructions that present appellate counsel be removed from this cause and that new counsel be appointed to represent appellant on this appeal. Newly appointed counsel shall obtain the appellate record from former counsel, with the aid and assistance of the circuit court, if necessary. Time for filing briefs shall begin to run from the date of the appointment.
REMANDED FOR APPOINTMENT OF COUNSEL.
All Judges concur.