The appellant was indicted by the DeKalb County grand jury for theft of property in the first degree, in violation of § 13A-8-3, Code of Alabama (1975). On the day this case was set for trial, the appellant withdrew his plea of not guilty and, after being engaged in a colloquy pursuant to Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), by the trial court, entered a plea of guilty. The appellant was sentenced under the Split-Sentencing Act to a term of fifteen years, with three years to be served in the penitentiary, and five years to be served on probation.
After sentence was imposed the appellant filed a notice of appeal. Counsel for the appellant did not submit a brief, but instead filed a document captioned "Certificate of No Merit," stating in pertinent part as follows:
 "I have diligently reviewed the Court file and reporter's official transcript and after careful consideration and deliberation of the testimony and limited evidence presented during the various stages of this case, i.e., guilty plea and sentencing hearing, in the above referenced appeal, I have been unable to find sufficient error which would warrant a reversal or remandment of the conviction of the appellant.
 "Therefore, I must respectfully submit this certificate of no merit . . . ."
We find this case to be factually similar to Moore v. State,531 So.2d 69 (Ala.Cr.App. 1988). Appellate counsel in Moore *Page 98 
stated that the record was free of reversible error, but failed to refer to anything in the record that might arguably support the appeal. We remanded to the trial court for appointment of counsel on the ground that the requirements of Anders v.California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), had not been satisfied.
Here, too, the standards of Anders have not been met. This cause is therefore remanded to the trial court with instructions that new counsel be appointed to represent the appellant in this appeal. Time for filing briefs shall begin to run from the date of appointment.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
 ON RETURN TO REMAND