BOWEN, Judge.
This is an appeal from the denial of a petition for post-conviction relief.
The petitioner pleaded guilty and was convicted of violating the Alabama Controlled Substances Act on October 20, 1987. He was sentenced to 15 years’ imprisonment as the minimum sentence applicable under the Habitual Felony Offender Act.
The petitioner appealed his conviction but voluntarily dismissed his appeal. Hall v. State 524 So.2d 390 (Ala.Cr.App.1988). In June he filed a petition under Rule 20, A.Temp.R.Cr.P., which was denied after an evidentiary hearing.
The record shows that the petitioner, his attorney, the prosecutor, and the trial court all mistakenly thought that the Habitual Felony Offender Act was applicable. The petitioner has alleged that he would not have pleaded guilty “if he had not been faced with the sentence of the Habitual Offender.” Twenty-five days before the petitioner pleaded guilty, our Supreme Court held that defendants convicted under the Controlled Substances Act “must be sentenced according to its provisions, not the sentencing provisions of” the Habitual Felony Offender Act. Ex parte Chambers, 522 So.2d 313, 316 (Ala.1987) (emphasis in original).
The petitioner is entitled to have his guilty plea set aside. “Even in the case of a negotiated plea, our higher courts require that the accused be informed of the correct range of maximum and minimum penalties.” McClaren v. State, 500 So.2d 1325, 1327 (Ala.Cr.App.1986). “[A] defendant is constitutionally entitled to have information concerning the range of punishment prescribed by the act to which he may be sentenced and the consequences of the conviction at the time he enters his plea.” Coleman v. Alabama, 827 F.2d 1469, 1473 *814 (11th Cir.1987). A defendant cannot make a voluntary plea of guilty with full knowledge of its effects if he has not been properly advised of the correct range of punishment. Coleman, supra; Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). “Without accurate and complete information at the plea bargaining stage, a defendant is unable to make a voluntary and informed plea.” United States v. French, 719 F.2d 387, 389 (11th Cir.1983), cert. denied, 466 U.S. 960, 104 S.Ct. 2174, 80 L.Ed.2d 557 (1984).
We see no reason to delay the inevitable outcome of this case. Therefore, the judgment of the circuit court is reversed. This cause is remanded to that court with directions that the petitioner’s guilty plea and sentence be set aside.
REVERSED AND REMANDED.
All Judges concur.