BOWEN, Judge.
In 1987, Randy Lee Clemons pleaded guilty and was convicted of the unlawful sale of marijuana in violation of Alabama Code 1975, § 20-2-70. He was sentenced under the Alabama Habitual Felony Offender Act, Alabama Code 1975, § 13A-5-9, to 20 years’ imprisonment. In 1988, Clemons filed a petition for post-conviction relief which was denied by the circuit court.
Clemons’ petition is due to be granted. His guilty plea, conviction, and sentence must be reversed and set aside.
Thirteen days before Clemons pleaded guilty our State Supreme Court held, “Be *332 cause the sentences applicable to drug offenses and repeat drug offenses are provided within the Controlled Substances Act, we hold that defendants convicted thereunder must be sentenced according to its provisions, not the sentencing provisions of Title 13A.” Ex parte Chambers, 522 So.2d 313, 316 (Ala.1987) (emphasis in original).
In Hall v. State, 540 So.2d 813 (Ala.Cr.App.1988), this Court addressed a situation substantially identical to that presented here:
“The petitioner is entitled to have his guilty plea set aside. ‘Even in the case of a negotiated plea, our higher courts require that the accused be informed of the correct range of maximum and minimum penalties.’ McClaren v. State, 500 So.2d 1325, 1327 (Ala.Cr.App.1986). ‘[A] defendant is constitutionally entitled to have information concerning the range of punishment prescribed by the act to which he may be sentenced and the consequences of the conviction at the time he enters his plea.’ Coleman v. Alabama, 827 F.2d 1469, 1473 (11th Cir.1987). A defendant cannot make a voluntary plea of guilty with full knowledge of its effects if he has not been properly advised of the correct range of punishment. Coleman, supra; Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). ‘Without accurate and complete information at the plea bargaining stage, a defendant is unable to make a voluntary and informed plea.’ United States v. French, 719 F.2d 387, 389 (11th Cir.1983), cert. denied, 466 U.S. 960, 104 S.Ct. 2174, 80 L.Ed.2d 557 (1984).”
The judgment of the circuit court is reversed. This cause is remanded to that court with directions that Clemons’ guilty plea, conviction, and sentence be set aside.
REVERSED AND REMANDED.
All Judges concur.