ADAMS, Justice.
Petitioner, Gene Anthony Smith, pleaded guilty to a violation of the Alabama Uniform Controlled Substances Act, Code of Alabama 1975, § 20-2-25, and was sentenced to serve three years in the state penitentiary. The conviction was affirmed by the Court of Criminal Appeals, without opinion. 541 So.2d 87. We issued our writ of certiorari to review whether the defendant’s guilty plea was knowingly and intelligently made.
We summarize the facts as follows:
On February 22, 1988, Smith appeared before Judge John D. Snodgrass in the Madison County Circuit Court, and entered a plea of guilty to a violation of the Alabama Uniform Controlled Substances Act. While before Judge Snodgrass, he and his attorney executed a “Statement of Rights” form, as required by Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971); that statement reads as follows:
“TO THE ABOVE NAMED DEFENDANT:
“This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the Grand Jury of this county, you are charged with the crime of VAUCSA which is a Class — [sic] Felony. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than 2 yrs. nor more than 15 yrs. for such offense and by imposition of a fine not to exceed $15,-000.00....
“To the charges set forth in the indictment you have the right to enter a plea of guilty, not guilty, not guilty by reason of insanity or any other special plea. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. IF YOU PLEAD GUILTY THERE WILL BE NO JURY TRIAL, AS HAS BEEN HERETOFORE EXPLAINED TO YOU.
“Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and he will make further explanation thereof to you.
“Date 2/22/88 Judge /s/ John D. Snod-grass
“Comes the defendant in the above styled cause and states to the court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the court that he is guilty as charged, in this case, and desires to plead guilty.
“Date 2/22/88 Defendant /s/ Gene Anthony Smith
“Comes the attorney for the above styled defendant and certifies that the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, and that a written copy of the above rights was given to the defendant or his attorney. Having gone over his rights with *1052 the defendant, in my judgment, the defendant understands his rights.
“Date 2/22/88 Attorney /s/ Charles S. Rodenhauser."
During the hearing, petitioner, who was represented by counsel, testified that he had been a restaurant manager in Cincinnati, Ohio, and that he was 24 years old. He further testified that he had been previously convicted of a felony. The following colloquy occurred during that hearing:
“THE COURT: These rights that are on this Explanation of Rights and Plea of Guilty form, this is not the first time you have seen this, is what I’m getting at?
“MR. SMITH: No, sir.
“THE COURT: Is there anything on this form that you do not understand?
“MR. SMITH: No, sir.
“THE COURT: You understand you are entitled to a jury trial and all the rights that attend a jury trial?
“MR. SMITH: Yes, sir.
“THE COURT: Did you read this form?
“MR. SMITH: Yes, sir.
“THE COURT: Do you understand it?
“MR. SMITH: Yes, sir.
“THE COURT: Do you have any questions about it?
“MR. SMITH: No, sir.
“THE COURT: You understand you have a right to a lawyer?
“MR. SMITH: Yes, sir.
“THE COURT: Have you talked with Mr. Rodenhauser about the case?
“MR. SMITH: Yes, sir.
“THE COURT: Is there anything that you do not understand about the charge, the punishment for the charge, your rights to a trial or your right to a lawyer?
“MR. SMITH: No, sir.
“THE COURT: Do you understand you could receive not less than two nor more than 15 years in the State penitentiary if you plead guilty?
“MR. SMITH: Yes, sir.
“THE COURT: And the Court has the right to take into account your former background in sentencing you, do you understand that?
“MR. SMITH: Yes, sir.
“THE COURT: To the charge of violation of the Alabama Uniform Controlled Substances Act, how do you plead?
“MR. SMITH: Guilty.
“THE COURT: Why do you say you are guilty?
“MR. SMITH: Because I am, Your Hon- or.
“THE COURT: What did you do?
“MR. SMITH: I got caught with some cocaine.
“THE COURT: You got caught with some cocaine?
“MR. SMITH: Yes, sir.
“THE COURT: I believe there are three cases against you, two of which are being nol-prossed, which charge you with sale of a controlled substance, right?
“MR. SMITH: Yes, sir.
“MR. RAMEY: Your Honor, those are sale of counterfeit controlled substances, the second two.
“THE COURT: Do you want to be sentenced at this time or do you wish to be sentenced at a later time?
“MR. RODENHAUSER: Judge, we would ask the Court for a sentencing hearing.
“THE COURT: I will set it for May the 4th at nine-thirty; if you will be back here at that time we will sentence you.”
Smith claims error on a two-fold basis. He first argues that Judge Snodgrass, in accepting his guilty plea, erred when he did not explain to him the key elements of the offense. He cites Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), as controlling precedent on this issue. He contends that the judge should have explained to him that the state had the burden of proving by sufficient evidence all the elements of a violation of § 20-2-25, i.e., dominion and control, or constructive possession of a narcotic or dangerous drug and the accused’s knowledge of its presence and of its narcotic character. He refers us to Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520 (1970).
Smith also claims error in Judge Snod-grass’s failure to explain that one option in *1053 his sentence was a fine of not more than $15,000 (see § 20-2-70), and refers us to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
The state takes the position that it is the duty of defense counsel to explain to defendant the elements of the charge. It further argues that the failure to do so is consistent with ineffective assistance of counsel under the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), standard and it argues that because Smith did not raise the issue of the effectiveness of his counsel, that issue is foreclosed because of the presumption that trial counsel was competent.
In addressing the petitioner’s second issue — notice of the possibility of a $15,000 fine — the state contends that this issue is moot, because Smith was not fined. In the alternative, the state directs our attention to the “Statement of Rights” form, in which the possibility of a fine was discussed and points out that Smith admitted reading and understanding the form, by executing the form.
It is our interpretation of the Henderson opinion, supra, that the United States Supreme Court did not create a per se rule that all elements of an offense must be explained to the defendant. We are of the opinion that it is important for a defendant to understand the nature of the offense. It is necessary for the defendant to be given “real notice” of the offense with which he has been charged. See Henderson, 426 U.S. at 645, 96 S.Ct. at 2257. Clearly, Smith had been given real notice of the charge because he stated: “I got caught with some cocaine.”
We must hold that Smith’s statement is an indication that he had been given adequate notice of the nature of the charge. Furthermore, the Supreme Court, in Marshall v. Lonberger, 459 U.S. 422, 437, 103 S.Ct. 843, 852, 74 L.Ed.2d 646 (1983), held that, excluding any evidence to the contrary, the courts presume that the defense attorney advised defendant of the charge. We find in the instant case no evidence that defense counsel failed to advise defendant of the nature of the charge.
Regarding Smith’s contention that he was not given notice by the trial court that he could receive a $15,000 fine, we find no merit in this contention. A review of the “Statement of Rights” form executed by the defendant reveals that he was apprised of the possibility of a $15,000 fine. We cannot hold that the trial judge erred in not orally notifying defendant of the possibility of a fine in this case, in light of the executed form.
For the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.