ON RETURN TO REMAND
PATTERSON, Judge.
We remanded this case to the trial court with instructions that it afford appellant the opportunity to file separate petitions for each judgment which he intends to challenge under A.R.Crim.P.Temp. 20. 565 So.2d 290. We took this action because his first petition, which attacked the legality of three prior convictions in one petition, was confusing and was not in keeping with our requirement that only the judgment entered in a single trial be challenged in a particular petition. See Appendix to Rule 20.
The trial court has complied with our remand and filed its return. The record now includes 3 separate petitions filed by appellant, attacking 3 prior felony convictions: (1) (Case No. CC-87-343) possession of a forged instrument in the second degree, wherein appellant pleaded guilty on September 17, 1987, and was sentenced to 2 years’ imprisonment, fined $250.00, and ordered to pay the Victim’s Compensation Fund $25.00; (2) (Case No. CC-88-774) burglary in the second degree, wherein appellant pleaded guilty on February 13, 1989, and was sentenced to 12 years' imprisonment, fined $100.00, and ordered to pay $1,339.90 restitution; and (3) (Case No. CC-88-775) burglary in the third degree, wherein appellant pleaded guilty on February 13, 1989, and was sentenced to 3 years’ imprisonment, fined $1,000.00, and ordered to pay $100.00 to the victim’s compensation fund and $700.00 restitution.
Appellant contends in his petitions that his convictions were obtained by pleas of guilty which were unlawfully induced or not made voluntarily with understanding of the nature of the charges and the consequences of the pleas. He also contends that he was denied effective assistance of counsel in all three cases. The trial court dismissed the petitions for failure to state claims for which relief could be granted. The trial court entered the following order in each of the cases:
“I have reviewed the transcript of the guilty plea in this case and find that the Defendant properly, intelligently, and voluntarily entered his plea of guilty and was informed by the court as to all aspects of the plea. Therefore, the Rule 20 Petition is dismissed for failure to state a claim for which relief may be granted.”
Appellant appeals, and we consolidate all three cases for purposes of review.
An examination of the record of the guilty plea proceedings in all three cases discloses that appellant was fully informed of his constitutional rights, the range of punishment in each case, and the consequences of pleading guilty. A factual basis was established to support the plea in each case. Appellant admitted his specific involvement in each of the crimes charged. The record discloses that the possession of a forged instrument offense occurred when he was 18 years of age and that, contrary to his assertion, he had been certified to stand trial as an adult. In his burglary cases, appellant was properly sentenced as a habitual offender with one prior felony conviction. The guilty pleas were the result of plea bargain agreements, and appellant was represented by counsel in all the cases. Appellant’s contentions in reference to the guilty pleas are not supported by the record, but, on the contrary, the record *403 establishes that the pleas were not unlawfully induced and were entered knowingly and voluntarily and with full understanding of the nature of the charges and the consequences of the pleas.
Appellant’s contention that his counsel was constitutionally ineffective is refuted by the record. The detailed and thorough guilty plea proceedings conducted by the trial court demonstrate that appellant was ably represented by counsel in all three cases. Appellant’s allegations of ineffectiveness of counsel, in the face of the record before us, are not worthy of belief.
For the above reasons, the judgments of the lower court dismissing the Rule 20 petitions are due to be, and they are hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.