The appellant, David Trice, was charged in Houston County with first degree assault (CC-90-643). He was also charged by separate indictments in Henry County with discharging a firearm into an occupied dwelling (CC-90-090) and with first degree assault (CC-90-091). In a single proceeding held April 2, 1991, the appellant, who was represented by court-appointed counsel, pleaded guilty to all three charges.[1]
Before accepting the pleas, the trial court engaged in a colloquy with the appellant. At the beginning of this colloquy, the court stated the charge in each case, although not the elements thereof, then stated: "Your attorney tells me at this time that you wish to enter a plea of guilty to this charge. Is that what you want to do?" PR. 3-4. Upon receiving an affirmative response from the appellant in each instance and after ascertaining that the Habitual Felony Offender Act was not applicable, the trial court informed the appellant that discharging a firearm into an occupied dwelling is a Class C felony and that the *Page 182 
appellant "could receive a sentence to the penitentiary for not less than one year nor more than ten years." PR. 5. That information was incorrect. Discharging a firearm into an occupied dwelling is a Class B, felony, Ala. Code § 13A-11-61(b) (Supp. 1991), with a punishment range of "not more than 20 years or less than 2 years." § 13A-5-6(a)(2). On the basis ofdefense counsel's assertion that assault in the first degree is a Class A felony, PR. 6, the trial judge then informed the appellant that the two assault charges could subject him to "a sentence in the penitentiary of not less than ten years nor more than life or ninety-nine years." Id. That information was also incorrect. Assault in the first degree is also a Class B
offense, § 13A-6-20(b), with a punishment range, as noted above, of 2 to 20 years, § 13A-5-6(a)(2).
The trial court advised the appellant of the rights that he would be waiving by pleading guilty. After the prosecutor briefly stated the facts underlying each charge, the trial court read each indictment to the appellant, and the appellant pleaded guilty to each charge. Upon the recommendation of the prosecutor, the appellant was sentenced to 18 years' imprisonment on each of the assault convictions and to 5 years' imprisonment on the conviction for discharging a firearm into an occupied dwelling, with all three sentences to run concurrently. In addition, for each conviction the appellant was fined $500 and was ordered to pay $50 to the Crime Victims' Compensation Fund and to pay court costs. He was also ordered to pay restitution in the amounts of $57,000 and $2,500 on the assault convictions.
On April 30, 1991, the appellant filed in Henry County a handwritten pro se motion to withdraw his guilty pleas. CR. 24-25 (CR-90-1428). This motion, which appears to be an attempt to follow a form motion, alleged several grounds for withdrawal, including the assertion that the appellant "did not fully appreciate the effect of a guilt[y] plea or the existence of meritorious defenses." Id. at 25. This motion did not contain a reference to any specific case number.
On May 2, 1991, the court-appointed attorney who represented the appellant at the plea proceedings filed in Houston County a motion seeking to withdraw the appellant's "plea of guilty to the charges he pled to on April 2, 1991 before the Houston County Circuit Court, case numbers CC-90-643, et al." CR. 61 (CR-90-1412) (emphasis added). This motion alleged no specific grounds for the withdrawal of the pleas, but did request a hearing on the motion.
This Court interprets these two motions as a challenge to all three of the appellant's guilty pleas. This also appears to have been the interpretation accorded the motions by the trial court, who held a hearing thereon on June 10, 1991. The appellant, who was apparently by that time incarcerated within the state penal system, was not present at this hearing. Instead, the same appointed counsel who had represented the appellant at the plea proceedings appeared on his behalf and essentially waived the presence of the appellant. MR. 9.
Although we read the appellant's pro se motion as a contention that his guilty pleas were not voluntarily and intelligently made, the only argument advanced by counsel at the hearing was that the appellant wished to withdraw his guilty pleas because he had entered those pleas under the misapprehension that he could apply for and be granted probation.[2] MR. 4-5. The hearing was very brief and, at its conclusion, the trial court denied the motions.
The court-appointed attorney who represented the appellant at the plea proceedings and at the motion hearing filed the original brief in these appeals. In that brief, he provided a short statement of the case and facts, then asserted: "After a good faith review of the Record and Trial *Page 183 
Transcript and a thorough review of the Law in Alabama regarding withdrawal of Guilty Pleas, Counsel cannot find any basis for Appeal or any Appealable error below." Appellant's brief (filed August 8, 1991) at 4. He further stated that he "d[id] not find any basis for any meritorious argument" and "ask[ed] to be allowed to withdraw." Id. at 5.
This brief was not sufficient to comply with Anders v.California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[3]
On February 5, 1992, the trial court appointed current appellate counsel to represent the appellant in this appeal.[4] On February 24, 1992, appellate counsel filed a brief raising two issues: (1) that the guilty plea was not properly accepted and (2) that the appellant was not afforded the effective assistance of counsel.
 I.
In support of his argument that the trial court improperly accepted his guilty plea, the appellant alleges that there were a number of deficiencies in the plea proceedings. While several of these alleged deficiencies raise serious questions as to the validity of the pleas, we will discuss only two: the allegation that the trial court failed to make any inquiry as to whether the appellant was entering the pleas voluntarily and the allegation that the trial court failed to accurately inform the appellant of the maximum and minimum possible sentences.
 A.
In order to be valid, a guilty plea must be voluntarily and intelligently made. Hill v. Lockhart, 474 U.S. 52, 56,106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985); Boykin v. Alabama,395 U.S. 288, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). Before accepting a guilty plea, a trial judge "should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea." Cashin v. State, 428 So.2d 179, 182
(Ala.Cr.App. 1982). The record of the plea proceedings must affirmatively "reflect sufficient facts from which such a determination could properly be made." Dingler v. State,408 So.2d 530, 532 (Ala. 1981). While a trial court's inquiry on these matters need not follow "any particular ritual," the inquiry must be "sufficient to determine that the defendant understands the charges against him and the consequences of his plea, and that the defendant's plea is truly voluntary." UnitedStates v. O'Donnell, 539 F.2d 1233, 1235 (9th Cir.), cert. denied, 429 U.S. 960, 97 S.Ct. 386, 50 L.Ed.2d 328 (1976) (emphasis added).
A plea must be voluntary both in that it "constitute[s] an intelligent admission that [the defendant] committed the offense," Henderson v. Morgan, 426 U.S. 637, 645,96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976), and in that it is "free of coercion," United States v. Araiza, 693 F.2d 382, 384 (5th Cir. 1982). To establish the latter aspect, the "court will inquire whether *Page 184 
the tendered plea was the result of any threats or promises." 2 W. LaFave J. Israel, Criminal Procedure § 20.4(b) (1984).
During the plea colloquy, as noted above, the trial court stated, "Your attorney tells me at this time that you wish to enter a plea of guilty to this charge," then asked the appellant, "Is that what you want to do?" PR. 3-4. Aside from this question, which was asked with regard to each of the three charges and which the defendant answered affirmatively, there is nothing in the colloquy that can be deemed to have any relation to the "free of coercion" aspect of the voluntariness of the plea. The court clearly did not ask the appellant if he had been threatened or promised a reward to plead guilty. In addition, the trial court made no inquiry as to the appellant's age, educational level, or mental capacity. In view of these circumstances and the context in which the question was asked, the bare question "Is that what you want to do?" and the appellant's affirmative answer thereto are simply not sufficient to establish that the plea was "truly voluntary." It is clear that, in this case, the trial court was merely verifying what the appellant had been told by counsel, and was not ascertaining whether the plea was "free of coercion." Compare Alderman v. State, [Ms. CR 91-82, March 27, 1992], 1992 WL 92512, *4 (Ala.Cr.App. 1992) (during plea colloquy, trial court specifically asked the appellant the following questions: (1) "Has anybody threatened you, harassed you, or tried in any way to make you plead guilty?" and (2) "Have they offered you any reward or inducement to get you to plead guilty?") (emphasis deleted); Jones v. State, 492 So.2d 642, 644
(Ala.Cr.App. 1986) (during plea colloquy, trial court specifically asked "Do you do that [plead guilty] of your own free will and accord?" and "Has anyone promised to reward you or any member of your family or anybody else to get you to say that you are guilty?"); Bender v. State, 455 So.2d 273, 275
(Ala.Cr.App. 1984) (during plea colloquy, trial court specifically asked, "Has anyone made any threats or offered you any hopes of reward or given you any inducements or promises in order to get you to enter this plea or are you doing this of your own free will?").
We note that there is an Ireland[5] form in the Houston County record that bears the apparent signatures of the appellant, defense counsel, and the trial judge. CR. 59 (CR 90-1412). In this form the appellant acknowledged, among other things, that he "ha[d] not been threatened, abused, or offered any inducement or reward to get him to plead guilty." Id. However, here, as in McNalley v. State, 468 So.2d 209, 212 (Ala.Cr.App. 1985),
 "[n]o effort was made to determine if appellant had read the Ireland form . . ., or whether he understood the rights and matters contained therein. The trial court made no direct reference to the Ireland form in the colloquy. No questions were directed to appellant or counsel to determine whether appellant understood the matters contained in the form. . . ."
Compare Perkins v. State, 494 So.2d 723, 724 (Ala.Cr.App. 1985) (during plea colloquy, trial court stated, "I want to emphasize Point 11 in this document [an Ireland form]. Has anyone threatened you or promised you any reward or inducement or that anything bad would happen to you if you did not plead guilty to this charge?"), cert. denied, 479 U.S. 1018, 107 S.Ct. 671,93 L.Ed.2d 722 (1986).
In Twyman v. State, 293 Ala. 75, 81-82, 300 So.2d 124, 130
(1974), our Supreme Court held that an Ireland form executed by the defendant and acknowledged by defense counsel and the trial judge may establish that a guilty plea was voluntarily and intelligently made, "provided there is other evidence in the record supporting that fact." Davis v. State, 348 So.2d 844,846 (Ala.Cr.App.), cert. denied, 348 So.2d 847 (Ala. 1977) (emphasis in original).[6] As *Page 185 
noted above, there is simply no other evidence in the records of these cases to support a finding of voluntariness. SeeMcNalley v. State, 468 So.2d at 213. Moreover, there is noIreland form for either of the guilty pleas entered in the Henry County cases.
 B.
It is well established that a "defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea." Rivers v. State, 597 So.2d 1308, 1309 (Ala. 1991) (issue can be raised in petition for post-conviction relief). Accord,e.g., Carter v. State, 291 Ala. 83, 85, 277 So.2d 896, 897
(1973); Tinsley v. State, 485 So.2d 1249, 1251 (Ala.Cr.App. 1986). Where the trial court fails to apprise the defendant of both the maximum and minimum sentences, or either of the two, a reversal is automatically mandated. See Carter v. State,291 Ala. at 85, 277 So.2d at 898 (defendant not informed of maximum or minimum sentence); Moore v. State, 486 So.2d 517, 518
(Ala.Cr.App. 1986) (same); Rivers v. State, 597 So.2d at 1310
(defendant not informed of minimum sentence).
That standard of automatic reversal has been applied by this Court to cases where the trial court incorrectly informed the defendant of the maximum and minimum penalties. See, e.g.,Clemons v. State, 542 So.2d 331 (Ala.Cr.App. 1989); McClaren v.State, 500 So.2d 1325 (Ala.Cr.App. 1986); Pratte v. State,448 So.2d 502 (Ala.Cr.App. 1984); Hall v. State, 418 So.2d 946
(Ala.Cr.App. 1982); Miliner v. State, 414 So.2d 133
(Ala.Cr.App. 1981).[7] Recently, however, we have espoused the view of several of the federal circuit courts:
 "[W]here the defendant is given sentencing misinformation, the mere fact that he was given such misinformation
 " ' "does not end the matter. 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168
(1970). The dispositive issue . . . is whether [the defendant] would have or would not have pleaded guilty had he been given the correct [information]. See Pitts v. United States, 763 F.2d 197, 201 (6th Cir. 1985); Williams v. Smith, 591 F.2d 169 ([2nd Cir.] 1979)." '
 "Jackson v. State, 565 So.2d 669, 671 (Ala.Cr.App. 1990) (quoting Holman v. Jones, No. CV-87-A-2163-S (N.D.Ala. Nov. 16, 1988)) (emphasis added)."
Lochli v. State, 565 So.2d 294, 297 (Ala.Cr.App. 1990). AccordBrooks v. State, [Ms. CR 90-0883, October 25, 1991], 1991 WL 237925, * 1 (Ala.Cr.App. 1991).
In this case, the trial court did not fail to inform the appellant of the maximum and minimum sentences for the charges against him; rather, the court misinformed the appellant of the possible punishment ranges for all three offenses. Thus, the dispositive question is "whether the [appellant] was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea." Williams v. Smith, 591 F.2d 169, 172 (2d Cir.), cert. denied, 442 U.S. 920, 99 S.Ct. 2845, 61 L.Ed.2d 289
(1979), quoted in Jackson, 565 So.2d at 672, and Lochli, 565 So.2d at 297. In view of the fact that the attorney representing the appellant at the plea proceeding erroneously informed the trial court *Page 186 
that assault in the first degree is a Class A felony, we have little hesitation in concluding that the appellant wasnot aware of the correct sentencing ranges for the two assault offenses. The determination of the remaining question, "whether accurate information would have made any difference in his decision to enter a plea," would require an evidentiary hearing. See Pitts v. United States, 763 F.2d 197, 201 (6th Cir. 1985). However, there is no point in remanding these causes for an evidentiary hearing on this matter. We concluded in Part A above that the record of the plea proceedings does not support a determination that the appellant voluntarily entered his guilty pleas and the judgments entered on those pleas must therefore be reversed. For this same reason, we do not address the ineffective assistance of counsel issue.
For the reasons stated above, the judgments of the circuit court are reversed and these causes are remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.
[1] We take judicial notice that Houston and Henry Counties make up the 20th Judicial Circuit of this state and are served by the same trial judges. Two separate appeals, one from the Houston County conviction (CR 90-1412) and the other from the Henry County convictions (CR 90-1428), have been filed in this Court. Because the facts and issues in these two appeals are identical, we have elected to dispose of them with one opinion.
Two different court reporters were present at the plea proceeding and the hearing on the motions to withdraw the pleas. Their transcripts, which each has numbered separately, beginning with page 1, are contained in both records. To avoid confusion, we will refer to the transcript of the plea proceeding as "PR. ___" and to the transcript of the motion hearing as "MR. ___." References to the clerk's portions of the records will be designated "CR. ___ (CR 90-1412)" or "CR. ___ (CR 90-1428)."
[2] We note that this particular ground was not alleged in the appellant's pro se motion to withdraw the pleas. We also note that counsel did not indicate at this hearing that he had spoken with the appellant prior to the hearing. In fact, in a discussion concerning the notice of appeal, counsel stated that he did not know where the appellant was. MR. 7-8.
[3] In Anders, the United States Supreme Court set forth the procedure to be followed in the situation in which appointed counsel asserted he found himself:
 "[I]f counsel finds [the indigent's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." 386 U.S. at 744, 87 S.Ct. at 1400.
As the State recognized, the original brief did not meet two of the four Anders requirements: it did not set forth "any possible arguments that the record supports" and it did not "indicate that Appellant Trice ha[d] been served [with a copy thereof]." Appellee's brief at 7.
[4] At the time of this appointment, these cases were pending before this Court on appeal and it is unclear why or under what authority the trial court made this appointment. However, the filing of the insufficient Anders brief would have required this Court to remand the causes for the appointment of new appellate counsel. See Moore v. State, 548 So.2d 510, 511
(Ala.Cr.App. 1988); Graves v. State, 540 So.2d 97, 98
(Ala.Cr.App. 1988). Consequently, this Court will accept counsel's appointment as proper.
[5] Ireland v. State 47 Ala. App. 65, 250 So.2d 602 (1971).
[6] Under Twyman, it was not required that the trial court specifically refer to the Ireland form in the colloquy. However, Rule 14.4(d), A.R.Crim.P., which became effective January 1, 1991, requires a trial judge to "determine from a personal colloquy with the defendant that the defendant has read, or has had read to [him], and understands each item contained in [the various guilty plea forms that had their origins in the old Ireland form]." The indictments against the appellant were filed August 24, 1990. Consequently, Rule 14.4 is not applicable in his cases. See Rule 1.5 and Committee Comments thereto.
[7] A close reading of a number of these cases, such as McClaren,Hall, and Miliner, indicates that the decisions in those cases actually turned on the fact that the plea agreement under which the defendant was sentenced was in contravention of the Habitual Felony Offender Act.