The appellants, Russell Holt, Tracy Holt, and Troy Holt, were indicted for unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama 1975. They pleaded guilty to several counts of unlawful possession of a controlled substance, in violation of § 13A-12-212, Code of Alabama 1975. Russell Holt was sentenced to 15 years' imprisonment on each of 7 counts, and those sentences were ordered to be served concurrently. Tracy Holt and Troy Holt were both sentenced to 10 years' imprisonment in 6 counts, and those sentences were also ordered to be served concurrently.
The appellants contend that their pleas of guilty were not knowingly or voluntarily made. Specifically, they argue (1) that they were not informed of the key elements of the offense; (2) that they did not have a full understanding of the consequences of their plea; and (3) that they were coerced by defense counsel to plead guilty.
The appellants argue that the trial judge erred in accepting their guilty pleas without first explaining the key elements of the charged offense, in violation of Henderson v. Morgan,426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). In Ex ParteSmith, 548 So.2d 1050 (Ala. 1989), the Supreme Court of Alabama interpreted *Page 531 Henderson to mean that a defendant must understand the nature of the offense. Rule 14.4(a)(1)(i), A.R.Crim.P., provides that the court, when taking a guilty plea, should determine if the defendant understands "[t]he nature of the charge and the material elements of the offense to which the plea is offered."
In this case, the appellants were charged with unlawful distribution of controlled substances, in violation of §13A-12-211, Code of Alabama 1975, which provides:
 "(a) A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in schedules I through V."
The charges in the indictment were self-explanatory. SeeMantoz v. State, 495 So.2d 120 (Ala.Cr.App. 1986). Thus, no violation of Henderson or Rule 14.4 occurred here.
The appellants also contend that they did not enter their plea voluntarily because, they argue, they did not understand the consequences of pleading guilty. Specifically, they argue that they were told by defense counsel that they would be placed on probation if they pleaded guilty.[1]
A review of the record reveals that the court explained to the appellants the range of punishment they could receive if they pleaded guilty. Bryant v. State, 571 So.2d 401
(Ala.Cr.App. 1990).
Moreover,
 " '[t]he mere hope, subjective belief, or expectation of a defendant [and his counsel] regarding length of sentence, parole, conditions of confinement, and other similar matters which are not based upon a promise by the state are insufficient to warrant the withdrawal of a guilty plea as unknowingly or involuntarily made.' Culver v. State, 549 So.2d 568 (Ala.Cr.App. 1989)."
Alderman v. State, 615 So.2d 640, 647 (Ala.Cr.App. 1992).
The appellants contend that they were coerced into pleading guilty. Specifically, they argue that defense counsel used scare tactics by telling them that if they were convicted they could receive over 100 years in prison.
Defense counsel testified that he could not be sure whether he told any of the appellants they could receive a 100-year or more sentence. However, even if defense counsel did tell the appellants that they could receive such a sentence, it was a correct statement of the law under § 13A-12-211, Code of Alabama 1975. Unlawful distribution of a controlled substance is a class B felony, punishable by up to 20 years' imprisonment and each appellant was indicted on at least 6 counts of unlawful distribution. Therefore, each of the appellants could
have been sentenced to 120 years' imprisonment if found guilty on all counts. See § 13A-5-6, Code of Alabama 1975.
The appellants' pleas were knowingly and voluntarily made.
 II
The appellants also argue that they received ineffective assistance of counsel. Specifically, they argue that defense counsel was ineffective because (1) he talked with the appellants on only one occasion, which was four days before they entered their pleas, (2) he did not discuss with them the evidence or possible defenses of the case, (3) he failed to file any pretrial motions, and (4) he made an incorrect assumption about the possible sentence in the case.
To prevail upon a claim of ineffective assistance of counsel, a defendant must satisfy the two components articulated inStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). The defendant must show that counsel's performance was deficient and that he was prejudiced by counsel's deficient performance. Strickland, supra. In Hill v.Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme *Page 532 
Court held that the two-part Strickland test applies to challenges to guilty pleas based upon ineffective assistance of counsel.
A review of the record indicates that at the hearing to withdraw the guilty pleas, defense counsel testified and refuted the claims made by the appellants. He testified that he never made pre-trial motions on criminal cases in Limestone County because the district attorney has an "open file" policy. He also testified that he spoke with the appellants about their case on more than one occasion. Defense counsel further testified that he had viewed a videotape of the appellants selling cocaine and felt that his only option in this case was to enter a blind plea or go to trial. This belief was due to the overwhelming evidence of the appellants' guilt, the fact that there were no offers for plea bargains, and the seriousness with which the prosecutor was treating this case because of the many months of undercover work that went into the investigation. He believed at the time that a blind plea would result in a lesser sentence than proceeding to trial.
The judge who took the guilty pleas also presided over the hearing to withdraw the guilty pleas. He denied the appellants' motion to withdraw their guilty pleas, which included the claims of ineffective assistance of counsel. His ruling is supported by the record. The appellants have failed to show that they received ineffective assistance of counsel under toStrickland v. Washington, supra, and Hill v. Lockhart, supra.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Although the appellants initially contended in their motion to withdraw their guilty plea that defense counsel made an affirmative representation that they would be placed on probation, at the hearing on the matter the appellants ultimately conceded that defense counsel only discussed the possibility of probation.