ON APPLICATION FOR REHEARING
This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17, 1995.
This court's opinion of January 13, 1995, is hereby withdrawn and the following opinion is substituted therefor.
The appellant, Gloria Ann Newman Moore, was indicted for theft of property in the first degree, a violation of §13A-8-3, Code of Alabama 1975. Pursuant to a plea agreement, the appellant pleaded guilty to theft of property in the second degree and was sentenced to 15 years' imprisonment. It is from this conviction and sentence that this appeal is taken.
 I
The appellant contends that her guilty plea was not voluntarily entered because, she says, the trial court failed to comply with Rule 14.4(a)(2), Ala.R.Crim.P. when it failed to determine if the appellant's guilty plea was "voluntary and not the result of force, threats, or coercion, nor of any promise apart from the plea agreement that has been disclosed to the court."
In Trice v. State, 601 So.2d 180 (Ala.Crim.App. 1992), this court reversed the trial court because it failed to ask the appellant "if he had been threatened or promised a reward to plead guilty." This court held that although there was anIreland form in the record in which the appellant acknowledged that he "ha[d] not been threatened, abused, or offered any inducement or reward to get him to plead guilty," there was no reference to the Ireland form in the guilty plea colloquy.
This case is clearly distinguishable from Trice. As in Trice, the explanation of rights form that the appellant signed stated that she had not been threatened or promised a reward to induce her to plead guilty. However, in this case, the trial court specifically asked the appellant during the guilty plea hearing if she had "been over this explanation of rights form and plea of guilty form" and if she had signed the form voluntarily. The appellant replied affirmatively.
 "In Twyman v. State, 293 Ala. 75, 81-82, 300 So.2d 124, 130 (1974), our Supreme Court held that an Ireland form executed by the defendant and acknowledged by defense counsel and the trial judge may establish that a guilty plea was voluntarily and intelligently made, 'provided there is other evidence in the record supporting that fact.' Davis v. State, 348 So.2d 844, 846 (Ala.Cr.App.), cert. denied, 348 So.2d 847 (Ala. 1977) (emphasis in original)."
Trice, 601 So.2d at 184. In this case, execution of the explanation of rights form by the appellant and the reference to the form by the trial judge with the acknowledgement by the appellant that she had "been over" the form and had signed it voluntarily is sufficient to establish that the appellant's guilty plea was voluntarily and intelligently made despite the fact the trial court did not ask the appellant specifically if she had been threatened or promised a reward to plead guilty.
 II
The appellant claims that the trial court did not inform the appellant of the "nature of the charge and the material elements of the offense," as required by Rule 14.4(a)(1)(i), Ala.R.Crim.P. The record reveals that the trial judge read the indictment to the appellant. (R. 6.) A reading of the indictment constitutes compliance with 14.4(a)(1)(i). SeeHolt v. State, 650 So.2d 530 (Ala.Crim.App. 1994).
 III
The appellant also claims that the trial court did not comply with Rule 14.4(a)(1)(vi) because, she says, the trial court failed to adequately discuss the appellant's right to call witnesses and to confront and to cross-examine the state's witnesses. At the time of this plea proceeding, a jury was ready to hear the case and her attorney was prepared to do those things listed in subsection (vi). Additionally, a schedule appended to the attorney's fee declaration shows numerous contacts between the appellant and the attorney totaling more than six hours. (C. 62.) Although the trial judge did *Page 102 
not address these right in detail in the plea colloquy, the appellant was no doubt fully aware of her rights regarding calling and cross-examining witnesses at trial.
 IV
The appellant claims that the trial court and the prosecutor failed to establish a factual basis for the appellant's guilty plea. The failure to establish a factual basis for a guilty plea is not a defect that goes to its voluntariness. Establishing a factual basis for a guilty plea is a separate component of the plea process and the failure to do so must be raised in the trial court in order for the issue to be preserved for appellate review. See Tillery v. State,647 So.2d 87 (Ala.Crim.App. 1994). Because no objection was raised in the trial court, this issue was not preserved for review. Even had this issue been preserved, however, this claim is without merit because the record reveals that the state established a factual basis for the appellant's guilty plea. (R. 8-9.)
The judgment is affirmed.
APPLICATION FOR REHEARING GRANTED. ORIGINAL OPINION WITHDRAWN. OPINION SUBSTITUTED. AFFIRMED.
All the Judges concur.