BROWN, Judge.
The appellant, David L. Harry, pleaded guilty to, and was convicted of, trafficking in marihuana, a violation of § 13A-12-231, Code of Alabama 1975. He was sentenced to nine years’ imprisonment and was ordered to pay a fine of $25,000.
The appellant contends that his guilty plea was not voluntarily entered because, he says, the trial court failed to establish a factual basis for his guilty plea, as required by Rule 14.4(b), Ala.R.Crim.P.
This issue, however, was not preserved for our review; it is being raised for the first time on appeal. This Court has held that “establishing a factual basis for a guilty plea is a separate component of the plea process and the failure to do so must be raised in the trial court in order for the issue to be preserved for appellate review.” Moore v. State, 668 So.2d 100, 102 (Ala.Cr.App.1995).
Although the appellant’s conviction is affirmed, we must remand this cause to the trial court for resentencing, because the appellant’s sentence does not fall within the statutory range of punishment.
The offense of trafficking in marihuana is a Class A felony. See § 13A-5-6, Code of Alabama 1975. The sentence for a conviction of a Class A felony is imprisonment for not less than 10 years and not more than 99 years. The appellant’s sentence of nine years’ imprisonment is clearly less than the mandatory minimum sentence provided by statute; therefore, the sentence is void. Fer *521 guson v. State, 565 So.2d 1172 (Ala.Cr.App.1990).
Accordingly, the circuit court is ordered to vacate the nine year sentence for the appellant’s conviction of trafficking in marihuana and to fix a sentence within the statutory limits and in accordance with Rule 9.1(a) and Rule 26.7, Ala.R.Crim.P.
AFFIRMED AS TO CONVICTION; REMANDED FOR RESENTENCING. 
All the Judges concur.